# Bufford *v.* The State.

### Larceny.

(Decided April 20, 1916.   71 South. 614.)

1. **Evidence; Subsequent Conduct.**—It was competent for the state to ask the witness if defendant made any statement to him about the stolen property, or made any threats about the witness testifying in the case.

2. **Appeal and Error; Review; Matters Shown.**—Where neither the letter nor its contents are set out in the transcript, the court, on appeal, will presume that its introduction was proper, although it was objected to by defendant.

3. **Evidence; Opinion; Special Knowledge.**—Where defendant testified that a witness was familiar with his handwriting as a number of letters had passed between them, such witness was properly qualified to identify defendant's handwriting, although at the time he testified as to the handwriting, his ability to do so might have been questioned.

4. **Criminal Law; Confession; Predicate.**—Where a witness had previously testified that no one had threatened defendant or promised him anything or offered any inducements to him, a proper predicate had been laid, for the admission of defendant's confession.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Henry Bufford, alias Burfford, was convicted of grand larceny, and appeals. Affirmed.

Witness Arwood, testifying, stated that he had seen defendant write a number of letters and notes, and was familiar with his handwriting. "I had written him a letter before receiving this letter, and he had written me a letter before that (witness being shown a letter)."

LEE COWART, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.— (1) Appellant was tried and convicted for the larceny of an animal of the cow kind. On the trial a state's witness was asked if the defendant made any statements to him about the stolen property, or made any threats about witness testifying in the case. A general objection to the question was overruled. In this there was no error authorizing a reversal. While the form of the question may have been objectionable, the evidence sought to be elicited by the inquiry was. material.— *Nevers Lumber Co. v. Fields*, 151 Ala. 367, 370, 44 South. 81.

(2) Objection was made by the defendant to the introduction of a certain letter. As a bill of exceptions is construed most strongly against the party presenting it, the presumption will be indulged, neither the letter nor its contents being included in the transcript, that the trial court properly admitted the letter.— *Yellow Pine Lbr. Co. v. Ala. State Land Co.*, 171 Ala. 77, 80, 54 South. 608.

(3) Under the doctrine announced in *Karr v. State*, 106 Ala. 1, 17 South. 328, the witness who identified defendant's handwriting was properly qualified. The weight of his testimony was a question for the jury. He, however, showed sufficient acquaintance with defendant's writing to testify. If there had been any error in this regard, it was rendered unavailing by defendant's later testimony that the witness "is familiar with my handwriting; we have had a number of letters pass between us."

(4) A proper predicate for the admission of the defendant's confession was laid. Before testifying the witness had said that neither he. nor any one else in his hearing or presence had threatened the defendant, nor told him it would be better to make a statement or worse if he did not, nor had he nor any one else promised the defendant any reward, or held out any inducement

[Cole v. The State.]

to make a statement, nor offered him any violence or harm if he did not make a statement.—*Heningburg v. State,* 153 Ala. 13, 16, 45 South. 246.

Affirmed.