(100 So. 463)

## COBB v. STATE. (6 Div. 442.)

(Court of Appeals of Alabama. Jan. 15, 1924. Rehearing Denied Feb. 5, 1924.)

**1. Arson ⬅️22—Ownership of property burned of no moment.**

Ownership of property burned is of no moment except as mere matter of description.

**2. Arson ⬅️19—Intent to burn adjacent building need not be alleged. .**

Intent to burn adjacent building need not be alleged, intent applying to building willfully burned.

**3. Criminal law ⬅️511(1), 742(2)—Corroborative evidence held sufficient to warrant submission of arson case to jury.**

In prosecution for arson, evidence held to sufficiently corroborate testimony of one employed to set building afire and to authorize submission to jury.

**4. Arson .⬅️34—Competent to prove unusual solicitousness with reference to insurance on adjoining building.**

In prosecution for arson, it was competent to prove any unusual solicitousness on part of defendant immediately preceding fire with reference to insurance held by adjoining storekeepers on stock of merchandise.

**5. Criminal law ⬅️351(10)—Threat to kill another if he swore that defendant burned house inadmissible.**

Threat made by defendant in arson case, to effect that if another swore that "I burned that house I'm going to kill him," made while such other was in jail charged with offense, and before he had made a statement or had been summoned as a witness, is not competent.

**6. Criminal law ⬅️511(2)—Any evidence tending to connect defendant with commission of crime sufficient corroboration of accomplice.**

Any evidence tending to connect defendant with commission of crime is corroboration sufficient to meet requirements of Code 1907, § 7897, relating to accomplices.

**7. Criminal law ⬅️780(3)—Instruction on accomplice testimony held erroneous.**

Where court properly explained law as to accomplice testimony and corroboration, it was error at end thereof to assert, "In other words, if you find that the testimony of the accomplice in this case should be considered after you have considered the evidence under the instructions of the court, and you find from that evidence, after you have considered that evidence and all the evidence in the case, that this de-

fendant is guilty, then it would be your duty to find him, guilty."

**8. Criminal law ⬅️511(1)—Consideration to be given by jury of accomplice testimony.**

Before jury is warranted in considering testimony of accomplice, they are required to believe or find beyond a reasonable doubt that evidence of corroboration is true, and that it tends to connect defendant with commission of crime charged, and, if they reach such conclusion beyond a reasonable doubt, they may then go further and consider whole testimony and convict if they find defendant guilty beyond a reasonable doubt.

**9. Criminal law ⬅️811(1)—Instruction as to accomplice testimony held to give undue prominence to that testimony.**

A charge as to accomplice testimony held erroneous as giving undue prominence to that testimony, as verdict must be based upon whole evidence.

**10. Criminal law ⬅️549—Evidence is truth gotten from testimony.**

Theoretically, at least, evidence is truth gotten from testimony after jury has cast aside all else.

**11. Criminal law ⬅️823(1)—Error in instruction not cured by other charges correctly stating law.**

Error in an instruction is not cured by fact that court in different part of charge correctly stated law, unless in correction court specifically pointed out error and corrected it.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

Rollie Cobb was convicted of arson in the first degree, and appeals. Reversed and remanded.

Certiorari denied by the Supreme Court in Ex parte State, Cobb v. State, 211 Ala. 320, 100 So. 466.

A. H. Carmichael, of Tuscumbia, J. C. Milner, of Vernon, and Tillman, Bradley & Baldwin and John S. Stone, all of Birmingham, for appellant.

The second count of the indictment was subject to demurrer. Heard v. State, 81 Ala. 55, 1 South. 640. The failure, in the oral charge, to require belief of evidence beyond a reasonable doubt to justify a conviction, constituted reversible error. State v. O'Hagan, 38 Iowa, 504; Spotten v. Keeler, 12 N. Y. St. Rep. 385; 7 C. J. 1037. This error was not cured by the previous or subsequent giving of a correct charge. Pierson v. State, 99 Ala. 148, 13 South. 550; Rhea v. State, 100 Ala. 119, 14 South. 853; Birt v. State, 156 Ala. 29, 46 South. 858; Smith v. State, 4 Ala. App. 678, 59 South. 190; Townsend v. State, 137 Ala. 93, 34 South. 382; Coe v. State, 113 Ala. 664, 21 South. 1025; 16 C. J. 992; Warren v. State, 197 Ala. 325, 72

South. 624; Campbell v. State, 170 Ala. 55, 54 South. 107; Daughdrill v. State, 113 Ala. 7, 21 South. 378; Jackson v. State, 136 Ala. 22, 34 South. 188; Burton v. State, 107 Ala. 108, 18 South. 284; Shields v. State, 104 Ala. 35, 16 South. 85, 53 Am. St. Rep. 17; Seawright v. State, 160 Ala. 33, 49 South. 325; Huff v. State, 16 Ala. App. 345, 77 South. 939; Kennedy v. State, 14 Ala. App. 23, 70 South. 957; McCutcheon v. State, 5 Ala. App. 96, 59 South. 714; Heath v. State, 99 Ala. 179, 13 South. 689; Harris v. State, 100 Ala. 129, 14 South. 538. The reasonable doubt must grow out of all the eviden?e. Olden v. State, 176 Ala. 6, 58 South. 307; Perry v. State, 78 Ala. 22. Undue emphasis upon one phase of the evidence is error. 16 C. J. 1038.

Harwell G. Davis, Atty. Gen., B. G. Wilson, Sol., of Demopolis, O. E. Young, Deputy Sol., of Vernon, and W. F. Finch and J. M. Pennington, both of Jasper, for the State.

The oral charge must be looked to as a whole. Jackson v. State, 2 Ala. App. 55, 56 South. 96; McMurphy v. State, 4 Ala. App. 20, 58 South. 748.

SAMFORD, J. [1, 2] The first count of the indictment charges the defendant with burning a storehouse of D. W. Lewis & Son, of the value of $500. Count 2 is as follows:

"The grand jury of said county further charge that before the finding of this indictment, Rollie Cobb, whose name is to the grand jury otherwise unknown, willfully set fire to and burned a store, the property of Cobb & Cobb, a partnership composed of Rollie Cobb, and Richard Cobb, by the burning whereof there was burned a store, which, with the property therein contained, was of the value of $500 or more, the property of D. W. Lewis & Son, a partnership composed of D. W. Lewis and J. A. Lewis, whose names to the grand jury are otherwise unknown, against the peace and dignity of the state of Alabama."

To the second count defendant filed demurrers, on grounds: That the intent to burn the property of Lewis & Son is not alleged; that it is not alleged that the property of Lewis & Son was adjacent to the property of Cobb & Cobb; that it is not alleged that the burning of the Cobb store would probably result in burning the Lewis store. None of these allegations were necessary. The crime denounced is the willful burning of certain property named in the statute. The ownership of the property is of no moment, except as a mere matter of description. Granison v. State, 117 Ala. 22, 23 South. 146. Nor is the intent to burn the adjacent building necessary to be alleged. The intent applies to the building willfully burned. The indictment is sufficient.

[3-6] The proof of the corpus delicti and of the guilty agency of defendant was dependent upon the testimony of Troy Wilson, who admitted setting fire to the store of Cobb & Cobb, of which firm defendant was a member. Wilson testified that defendant employed him, at the price of $50, to burn the store, telling witness to meet him (defendant) behind the buildings on the night of the fire. When the two met according to agreement, a little after 12 o'clock, defendant told witness he was going back to the house and would come back in his car and unlock the store and gas tank and "leave a bucket setting there." Defendant also said he would come without lights. Witness then testified:

"In a little bit the car come down like he said it was coming drove up there to the store over there. The car didn't have any lights on it as it come down. * * * It stopped out near the gas tank in front of the store. I know it was done the way he said he would do. * * * The gas tank was unlocked and the door was unlocked and a bucket sitting there. I saw somebody get out."

In connection with the fact that defendant was one of the active managers of the store and had access thereto, the testimony of J. A. Lewis, that "Around midnight, just before I started home, there was a car drove up in front of Cobb & Cobb's store. There was a person in that car. * * * I think it was a Dodge car. * * * I noticed only the lights were out when it drove up, and it went away with the lights out. When the person got out there, he stopped at the tank, or made a racket at the tank like he was filling the car and left the car sitting at the tank and went in the store on the further side, and stayed in the store 10 or 15 minutes, and come out and got in the car and drove off with the lights off until he got about even with the Key place and turned them on"—was sufficient corroboration of the testimony of the witness Wilson to authorize its submission to the jury. It was also competent to prove any unusual solicitousness on the part of defendant, immediately preceding the fire, with reference to the insurance held by Lewis & Son on their stock of merchandise contained in the storehouse adjoining that of defendant. But the threat made by defendant, to the effect, if Wilson swears that "I burned that house I'm going to kill him," made while Wilson was in jail charged with the offense and before Wilson had made a statement and before Wilson had been summoned as a witness, is not competent. Such a statement is perfectly consistent with a consciousness of innocence and a resentment of any imputation of guilt. Any evidence tending to connect the defendant with the commission of the crime is corroboration sufficient to meet the requirements of the statute. Code 1907, § 7897; Crittenden v. State, 134 Ala. 145, 32 South. 273.

[7, 8] In his oral charge to the jury, after

charging and explaining at length the law as to the weight to be given the testimony of an accomplice and the corroboration necessary to give it probative force, the court qualified the whole paragraph with the following excerpt, to which exception was reserved:

"In other words, if you find that the testimony of the accomplice in this case should be considered after you have considered the evidence under the instructions of the court, and you find from that evidence, after you have considered that evidence and all the evidence in the case, that this defendant is guilty, then it would be your duty to find him guilty."

This was a qualification of all that had been theretofore said on the subject and was an instruction to the jury that they would be warranted in finding the testimony of the accomplice to have been corroborated, without that finding being ascertained beyond a reasonable doubt, and further that the defendant might be found guilty upon a consideration of that evidence, without the finding of guilt being predicated upon the belief from the evidence beyond a reasonable doubt. Before the jury would be warranted in considering the testimony of Wilson, the accomplice, they would be required to believe (or find) beyond a reasonable doubt that the evidence of corroboration was true and that it tended to connect the defendant with the commission of the crime charged. If they reach such conclusion, beyond a reasonable doubt, they would then go further and consider the whole testimony, including the testimony of the accomplice, and if, after considering the whole testimony, they should find, beyond a reasonable doubt, that the defendant was guilty, they should so find, and such finding would be the verdict. 4 Mitch. Dig. p. 400, par. 537 (2); Pierson v. State, 99 Ala. 148, 13 South. 550; Coe v. State, 113 Ala. 664, 21 South. 1025.

[9, 10] The charge objected to also gives undue prominence to the testimony of the accomplice and authorizes a conviction upon a consideration of that evidence. The verdict must be based upon the whole evidence. Theoretically, at least, the evidence is the truth, gotten from the testimony after the jury has cast aside all else. Olden v. State, 176 Ala. 6, 58 South. 307; Perry v. State, 78 Ala. 22; 16 C. J. 1038, § 2479.

[11] The fact that the court, in a different part of the charge or by written charges, correctly stated the law, does not cure the defect or render the error harmless, unless in the correction the court specifically points out the error and corrects it. Brewington v. State, 19 Ala. App. 409, 97 South. 763; Vacalis v. State, 204 Ala. 345, 86 South. 92.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.