(100 South. 466)

### Ex parte STATE ex rel. ATTY. GEN.

### COBB v. STATE.

### (6 Div. 112.)

(Supreme Court of Alabama. May 22, 1924.)

**1. Criminal law ⬧789(3)—Instruction on accomplice testimony omitting reasonable doubt held erroneous.**

A charge that, if jury find that testimony of an accomplice should be considered under the instructions of the court, and find "from that evidence, after you have considered that evidence and all the evidence in the case; that this defendant is guilty, then it would be your duty to find him guilty," is erroneous as not requiring belief beyond reasonable doubt that corroborating evidence is true.

**2. Criminal law ⬧508(9)—Consideration to be given by jury of accomplice testimony.**

Before jury is warranted in considering testimony of accomplice, they are required to believe or find beyond a reasonable doubt that evidence of corroboration is true, and that it tends to connect defendant with commission of crime charged.

Petition for Certiorari to Court of Appeals.

Rollie Cobb was convicted of arson in the second degree and appealed to the Court of Appeals; and the judgment being there reversed, the State, on the relation of its Attorney General, petitions for certiorari to the Court of Appeals to review its judgment and decision in the case styled Cobb v. State, 100 South. 463. Writ denied.

The portion of the oral charge involved is as follows:

"In other words, if you find that the testimony of the accomplice in this case should be considered after you have considered the evidence under the instructions of the court, and you find from that evidence after you have considered that evidence, and all the evidence in the case, that this defendant is guilty, then it would be your duty to find him guilty."

Harwell G. Davis, Atty. Gen., B. G. Wilson, Sol., of Demopolis, O. E. Young, Deputy Sol., of Vernon, and W. F. Finch and J M. Pennington, both of Jasper, for petitioner.

The oral charge of the court must be considered as a whole. Jackson v. State, 2 Ala. App. 55, 56 South. 96; McMurphy v. State, 4 Ala. App. 20, 58 South. 748; Fuller v. State, 16 Ala. App. 163, 75 South. 879; Thompson v. State, 16 Ala. App. 393, 78 South. 309.

J. C. Milner and R. G. Redden, both of Vernon, A. H. Carmichael, of Tuscumbia, and Tillman, Bradley & Baldwin, John S. Stone, C. C. Nesmith, and Weatherly, Birch & Hickman, all of Birmingham, opposed.

The evidence of an accomplice must be believed to be true beyond a reasonable doubt, in order to warrant the jury in considering it. Malachi v. State, 89 Ala. 134, 8 South. 104; Pierson v. State, 99 Ala. 148, 13 South. 550; McAdory v. State, 62 Ala. 154; Carter v. State, 33 Ala. 429; McDaniels v. State, 162 Ala. 25, 50 South. 324.

PER CURIAM. [1, 2] Petition for certiorari by the state to review the decision of the Court of Appeals in the case of Rollie Cobb v. State, 100 South. 463, wherein a judgment of conviction of appellant was reversed. The only question here sought to be reviewed by the state relates to the ruling of the Court of Appeals as to the exception to a portion of the oral charge of the court. The Court of Appeals construed that portion of the oral charge as contravening the rule of law that the jury must be convinced beyond a reasonable doubt of the corroborating evidence in cases of this character before its further consideration in connection with the evidence of the accomplice. The holding of the Court of Appeals as to this rule of law is correct, and in addition to the authorities therein cited by that court, we may add Malachi v. State, 89 Ala. 134, 8 South. 104; McDaniels v. State, 162 Ala. 25, 50 South. 324.

The petition for the writ of certiorari is denied.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.