## McCULLAR v. STATE. (6 Div. 618.)

(Court of Appeals of Alabama. March 17, 1925. Rehearing Denied April 21, 1925.)

**1. Names ⬅16(2)—Indictment sustained under idem sonans doctrine.**

Nelson McCulla, alias Nelson McCullough, held idem sonans with true name of accused, Nelson McCullar, and indictment was not subject to abatement.

**2. Criminal law ⬅351(8)—That accused threatened witness if he testified, properly admitted.**

In prosecution for burglary, testimony that several days after crime and after arrest accused stated to witness that, if he testified against him he would never testify against any one else, held properly admitted as tending to show apparent attempt to suppress testimony, even though not in nature of confession.

**3. Criminal law ⬅829(19)—Refusal of written instruction on reasonable doubt not prejudicial, where covered by oral instructions.**

In prosecution for burglary, refusal of written instructions that each juror must be convinced beyond reasonable doubt to convict held not prejudicial under Supreme Court rule 45, where subject was properly covered in oral instructions.

**4. Witnesses ⬅268(1)—Cross-examination on matters covered by direct not error.**

Cross-examination on matters about which same witness had testified fully and without objection on direct examination held not error.

**5. Criminal law** ⬪345—**Circumstances as to whereabouts of accused relevant in case depending on circumstantial evidence.**

In prosecution for burglary, depending upon circumstantial evidence, and where evidence tended to link accused with another in commission of offense, any circumstances connected with actions and whereabouts of accused in connection with that other tending in any way to explain or give color to his actions was relevant and admissible.

**6. Witnesses** ⬪379(1)—**Cross-examination as to whether witness had not made contradictory statements regarding matter testified to on direct proper.**

Cross-examination as to whether witness had not made contradictory statements regarding matter testified to by her on direct examination *held* competent.

Appeal from Circuit Court, Double Springs Division, Winston County; Ernest Lacy, Judge.

Nelson McCullar was convicted of burglary, and he appeals. Affirmed. Certiorari denied by Supreme Court in Ex parte McCullar, 104 So. 438.

The questions propounded, respectively to the witnesses Mrs. McCullar, Andy Davis, and Dr. Robinson, made the bases of the seventh, eighth, and ninth assignments, are as follows:

"You remember in that conversation telling Mr. Davis, * * * Dr. Robinson, that Newton and your husband came in about 8 o'clock?"

"Did, in that conversation, did Mrs. Nelson McCullar say that Newton and her husband came to the house about 8 o'clock?"

"Dr. Robinson, I will ask you if you had a conversation with Mrs. Nelson McCullar, on the morning that you made the raid or search of her house, made the raid or search, and in that conversation if she told you that Nelson and Newton Taylor came into her house about 8 o'clock?"

Curtis, Pennington & Pou, of Jasper, for appellant.

Defendant's plea of misnomer was not subject to demurrer. Munkers v. State, 87 Ala. 96, 6 So. 357; Norton v. Orendorff, 191 Ala. 540, 67 So. 683; Campbell v. State, 18 Ala. App. 219, 90 So. 43; Nutt v. State, 63 Ala. 180. Evidence of what defendant was said to have told Cockrell was inadmissible. Cobb v. State, ante, p. 3, 100 So. 465. A witness may not be impeached on an immaterial matter. Cochran v. State, ante, p. 109, 101 So. 74. Charge 12 was correct, and should have been given. McHan v. State, ante, p. 117, 101 So. 81; Green v. State, 19 Ala. App. 239, 96 So. 651; Doty v. State, 9 Ala. App. 21, 64 So. 170; Bell v. State, 89 Miss. 810, 42 So. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and B. G. Wilson, Sol., and M. E. Nettles, Asst. Sol., both of Jasper, for the State.

The demurrer to the plea in abatement was properly overruled. Campbell v. State, 18 Ala. App. 219, 90 So. 43; Burton v. State, 10 Ala. App. 215, 65 So. 91; Odom v. State, ante, p. 75, 101 So. 531. Evidence of attempt to suppress testimony is properly admitted. Ex parte State, 209 Ala. 5, 96 So. 605; Bufford v. State, 14 Ala. App. 69, 71 So. 614; Dempsey v. State, 15 Ala. App. 201, 72 So. 773; Smith v. State, 183 Ala. 25, 62 So. 864; McClain v. State, 182 Ala. 67, 62 So. 241. Evidence of the whereabouts of defendant and Taylor on the night of the burglary was relevant and material. 3 Mayfield's Dig. 573. It is not the law that each juror is entitled to his own conception of a reasonable doubt. McKenzie v. State, 19 Ala. App. 319, 97 So. 155.

RICE, J. The defendant was convicted of the offense of burglary, and he appeals.

[1] The indictment is laid against "Nelson McCulla, alias Nelson McCullough," and the undisputed evidence in the case shows that defendant's true name is "Nelson McCullar." Appropriate plea in abatement was filed by defendant, setting up the facts above, to which plea apt demurrers, interposed by the state, were sustained. This, as consistently held by this court, presents a question of law as to whether or not the names by which appellant was charged, or either of them, were idem sonans with, or to, his true name.

"In applying the doctrine of idem sonans, it is universally accepted that, if two proper names, as commonly and ordinarily pronounced in the English language, sound alike, a difference in their spelling is immaterial; and that much latitude is permissible in pronunciation, slight differences being unimportant, if the attentive ear finds difficulty in distinguishing between the pronunciation of the two names. It has been held and cited with approval in this state that: 'The proper rule in such cases is that, if two names, according to the ordinary rules of pronouncing the English language, may be sounded alike, without doing violence to the letters found in the variant orthography, then the variance is, prima facie at least immaterial, and may be so decided by the court." Burton v. State, 10 Ala. App. 214, 65 So. 91.

The above rule is amply supported by the decisions of our Supreme Court. Rooks v. State, 83 Ala. 79, 3 So. 720, and authorities therein cited. Accordingly we hold that in this case the names "McCulla, McCullough, and McCullar" are idem sonans, and the trial judge properly sustained the state's demurrers to appellant's plea in abatement. Odom v. State, 20 Ala. App. 75, 101 So. 531.

Neither did the court err in refusing to give at defendant's request the general af-

firmative charge in his favor. Authorities cited supra. .

[2] Appellant complains of the admission over his timely objection of testimony of the witness Cockrell (whose store it was alleged had been broken into) to the general effect that some two days after the store had been burglarized, and, after the defendant had been arrested, accused of the crime, and had made bond, the defendant came to the witness and stated to him, in substance, "that if he [witness] testified against him [defendant] he would never testify against any one else," etc.

Under the authority of the cases of Bufford v. State, 14 Ala. App. 69, 71 So. 614, Dempsey v. State, 15 Ala. App. 201, 72 So. 773, Smith v. State, 183 Ala. 25, 62 So. 864, and McClain v. State, 182 Ala. 67, 62 So. 241, we think this testimony clearly admissible. While it may not be in the nature of a confession, yet it might be construed as an apparent attempt to suppress testimony against the defendant, and, as such, it was proper to be considered by the jury.

The case of Cobb v. State, 20 Ala. App. 3, 100 So. 463, cited and relied upon by appellant, is without application here, for the reason the facts were not similar, or the same, and the principle of law therein laid down conflicts in no way with the holding hereinabove.

[3] The defendant, in writing, requested the court to give to the jury the following charge:

(12) "The court charges the jury that each and every one of you are entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant; that before you can convict him the evidence of his guilt must be so strong that it convinces each juror of his guilt beyond all reasonable doubt, and if, after consideration of all the evidence, a single juror has a reasonable doubt of the defendant's guilt, then you cannot convict him"

—and assigns as error the court's refusal to give same.

The court, in its very full and accurate, oral charge to the jury used this language:

"Gentlemen of the jury, I want to call your attention to one other thing, and that is that, under our system of laws, it takes twelve men to reach a verdict. If one man was firmly convinced beyond a reasonable doubt, after considering all the evidence, that the defendant is guilty as charged, although others were not convinced beyond a reasonable doubt, why you could not render a verdict at all, and there would be a mistrial. *If on the other hand* (italics supplied) *eleven of you believe beyond a reasonable doubt that the defendant is guilty as charged, and one man had a reasonable doubt of his guilt, arising from the evidence or from a lack of evidence, why then there would not be any verdict; you couldn't convict."*

While this court, after perhaps some slight confusion, has recently reaffirmed its former repeated holdings to the effect that a written charge, similar in substance to the one set out above, stated a correct proposition of law, and should be given (Alonzo Jones v. State, 104 So. 771[1]), yet an examination of the authorities cited in support of that holding will reveal that in each instance the matter or principle contained in the charge was nowhere else, either in the court's oral charge, or in other given written charges, conveyed to the jury. Here, it must be apparent from the excerpt from the court's oral charge, which we have quoted, that the identical principle embraced in the charge which was refused was in substance at least fully and fairly covered and included in the said oral charge. And therefore, under Supreme Court rule 45, we are unwilling to predicate a reversal of the case upon the trial court's action in refusing to give the defendant's written charge 12. Acts 1915, p. 815.

[4] Appellant can take nothing from his assignment of error No. 6, for the reason that the testimony on cross-examination, admitted over his objection, was but of matters about which the same witness had already testified fully, and without objection, on his direct examination. Manifestly the defendant suffered no injury by the rulings complained of.

[5, 6] We are of the opinion that it was proper to allow the questions put to the witness Mrs. Nelson McCullar made the basis of appellant's assignment of error No. 7; also those to the witnesses Andy Davis and Dr. Robinson made the basis of assignments Nos. 8 and 9. The witness Mrs. Nelson McCullar having undertaken to testify fully as to the whereabouts of the defendant, her husband, on the night of the alleged burglary, and of the absence of Newton Taylor, whom the evidence tended to link up with the defendant in the commission of the offense, and the evidence being circumstantial, we think any circumstance having to do with the actions and whereabouts of the defendant in connection with the said Newton Taylor, and tending in any way to explain or give color to his said actions, was relevant and admissible. And the witness Mrs. Nelson McCullar having testified concerning the matters in question, it was entirely competent to ask her if she had not made contradictory statements regarding the same matter.

The written charges refused the defendant have all been examined, and in the action of the court we find no error. In each instance, where the proposition of law is sound, we find the matter contained therein was covered by the court's oral charge.

All the exceptions reserved by the defendant have been considered, as well as the record in the case, and we are of the opinion that no prejudicial error intervened in any of the trial court's rulings.

Let the case be affirmed.

Affirmed.

---

[1] Post, p. 660.