(123 So. 107)

### PARKER v. STATE.   (6 Div. 550.)

Court of Appeals of Alabama.   May 14, 1929.

Rehearing Denied June 18, 1929.

Fort, Beddow & Ray, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Appellant was indicted for the offense of murder in the first degree; the indictment charging that he unlawfully and with malice aforethought killed Thurston Attaway 'by striking him with a bed slat. In count 2, the means of the alleged killing was stated "by striking him with a blunt instrument, a more particular description of which is to the grand jury unknown," etc.

The evidence tended to establish the corpus delicti without dispute; it conclusively appearing therefrom that the named deceased came to his death as a result of a blow (or blows) inflicted upon him during the difficulty upon which this prosecution was predicated.

We have carefully read, and have given attentive consideration to, the voluminous record, and to many insistences of error. We shall not undertake to discuss ad seriatum the innumerable exceptions reserved during the trial, as no good purpose could be thus subserved.

The appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for ten years.

One Mathews was also indicted for the same offense, and it appears to be conceded that it was he (Mathews) who struck the fatal blow.

The state proceeded upon the theory of a conspiracy, which involved this appellant, and offered evidence tending to show that he participated actively in the difficulty which resulted in the death of Attaway. This appellant strenuously denied that he took any part in the difficulty, and insisted throughout that he acted only as peacemaker, and, further, that at no time did he inflict any blow or injury upon the deceased, and did not aid or abet, or encourage, any one else to do so, and that he had no guilty connection whatever with the death of Attaway and the crime charged.

So far as this court is able to ascertain from the record, the only evidence tending to connect the defendant (appellant) directly with the commission of the offense was that given by state witnesses Mathews and Crumpton, and it is earnestly insisted by appellant here, and was likewise insisted in the court below, that these two witnesses were, in contemplation of law, accomplices, and that the conviction of appellant was wrongful, as it was rested upon their uncorroborated testimony only. Witness Mathews was admittedly an accomplice; the court so charged as a matter of law, and as to this there is no dispute. One of the most material inquiries in the case is presented by the question, Was Osie Crumpton, the other eyewitness, an accomplice also? There was some evidence tending to show that Crumpton was a participant in the difficulty complained of, and was also an accomplice. The divergent insistences in this connection are elaborately discussed in briefs of counsel, and the conclusion to be reached on this question rests largely upon the adjudication of this case.

In contemplation of law, an accomplice is one who is in some way concerned in the commission of the crime; and whether a witness is an accomplice is a question of fact to be determined by the jury under instruction from the court as to the law, where, as here, there is conflict in the evidence on the question.

A conviction of felony cannot be had on the testimony of an accomplice, or of numerous accomplices, unless such testimony is corroborated by other evidence tending to connect the defendant with the commission of the

offense; and the rule is that "such other evidence," to be sufficient, must be believed by the jury beyond, a reasonable doubt. McDaniels v. State, 162 Ala. 25, 50 So. 324; Cobb v. State, 20 Ala. App. 3, 100 So. 463; Ex parte State ex rel. Attorney General, 211 Ala. 320, 100 So. 466. If such evidence merely shows the commission of the offense or the circumstances thereof, it is not sufficient. Code 1923, § 5635.

■ In line with the foregoing, the appellant requested numerous special written charges. Notably charges 16 and A. It appears to us that these charges were directly in point; that they properly state the law as applied to the facts in this case; and, further, the substance of said charges was not fairly and substantially given to the jury in the oral charge or by other charges requested.

■ It is manifest that the evidence which tended to show that, after the difficulty was over, the appellant and Mathews carried the injured man to appellant's home some several miles distant, and that they required him to ride in the rear end of the coupè car with the door closed, was regarded as being highly incriminating. This fact was no part of the res gestæ, but was probably permissible upon the theory of a consciousness of guilt, or for the suppression of evidence; but, having been allowed, the court should have permitted the defendant to offer evidence which tended to refute the insistence of an attempt to suppress evidence, or to conceal crime, or a consciousness of guilt. Crenshaw v. State, 205 Ala. 256, 87 So. 328. The rule announced in the Crenshaw Case, supra, by the Supreme Court, is applicable to the case at bar. In that case the court held that the accused had the legal right to give every fact and circumstance by himself and by his witnesses to explain the incriminating facts against him, adduced by the evidence of the state. In this case, if, as a matter of fact, these men had been associated together for some length of time, and made frequent trips together in the same automobile, and, however unusual it might appear, if it was their custom and habit to travel in the car as they did travel on the night in question, evidence showing or tending to show such facts and circumstances should have been permitted to go to the jury in all fairness, for the purpose of refuting the damaging inferences to be drawn from the testimony of the state on this question, and also for the material purpose of counteracting the insistences that the act in question was for the purpose of suppression of evidence, or committed from a consciousness of guilt. The numerous rulings in thus abridging the defendant's legal rights were, in our opinion, error.

Numerous other points of decision are presented, some of which involve rulings of the court which appear of doubtful propriety. These questions will probably not arise upon another trial, and we refrain from a detailed discussion here, for the reason they are not necessary to a conclusion. The court erred in overruling the motion for a new trial.

The judgment of conviction, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.