160 So. 270

## ROOKS v. STATE.

### 8 Div. 876.

Court of Appeals of Alabama.
March 19, 1935.

W. H. Long, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant, Rooks, was jointly indicted with three others charged with the offense of distilling, making, or manufacturing, alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. In the second count of the indictment the same parties were charged with the unlawful possession of a still, etc., to be used for that purpose. The indictment was in proper form and substance, and was duly authenticated and filed.

This appellant, when arraigned, demanded a severance, which was granted. He was tried and convicted "as charged in the second count of the indictment." The court thereupon adjudged him guilty in accordance with the verdict and entered a judgment of conviction as the law requires, from which this appeal was taken.

The appellant contends that his conviction was had upon the testimony of state witness Que Oliver, an admitted accomplice; and that there was no other evidence which tended to connect him with the commission of the offense. Upon a careful consideration of all the evidence adduced upon the trial of this case we find there was some evidence given by witnesses, other than the accomplice Oliver, which tended to show that this appellant was present at the still at the time of the "raid" by the officers. The witnesses testified on direct examination, "in my best judgment Arthur Rooks was one of the five men I saw going off from the still." However, on cross-examination the witnesses stated they could

not say positively who the men were who left the still, going south, upon the approach of the officers. We are of the opinion that this evidence was sufficient to go to the jury for the purpose of corroborating the accomplice on his statement only, that the appellant was one of the men present at the still upon that occasion. But mere presence of a person at a still, without more, is no offense, as has many times been declared by this court. The question here is whether or not there is sufficient corroboration of Oliver's testimony as to the commission of the offense complained of in the indictment. As stated, the appellant was convicted of the offense of being in possession of the still. We find no testimony of any witness, other than Oliver's, as to any act or utterance of this appellant which tends to connect him with the possession of the still in question. And upon Oliver's uncorroborated testimony, he being an accomplice, and the offense being a felony under the statute, a conviction cannot be had. Section 5635, Code 1923.

The testimony in this case, without dispute, disclosed that Oliver had formerly been convicted for a similar offense. On the cross-examination of Oliver, the accomplice, he was asked the following question: "About a month before this still was raided here in Lawrence County did you have a conversation with Melt Fulmer in which you said this, with reference to Arthur Rooks, (defendant); there has been some talk that had to be straightened up by Will Oden and Arthur Rooks, and Ace Walker, and we have got their number and damn them we are going to get even with them?" To which Oliver replied, "No Sir," and added, "I know Melt Fulmer, he is one of my bondsmen. He is on my bond. I know George Hill." Witness was then asked: "Last Friday, last week, didn't you have a conversation with George Hill." Answer, "Last Friday I never saw him, I haven't seen the man. Q. Wait a minute until I get through. You had a talk with him and you asked him if he went to court last week, the day your case was set, on the day you asked him you said yesterday, and asked him if they asked anything about you, and you said you had told the wrong thing on these boys and hated to go to court, is that right?" The witness replied, "No sir I did not." Thereupon the defendant introduced Melt Fulmer as a witness, who testified: "I know Q. Oliver—Oliver said this to me in substance, 'there had been some talk there he had to be straightened up by Will

Oden, Arthur Rooks, and Ace Walker, and we have got their number and damn them we will get even with them.' I am on Q. Oliver's bond. I know the defendant's character and reputation in the community in which he lives. It is good."

George Hill was next introduced and testified, "that Q. Oliver did make the statement to him inquired about. He asked me 'if I went to court yesterday—and asked me if they asked anything about him, and he said he had talked the wrong thing on these boys and hated to go to court;' having reference to this defendant as one of the boys." This witness also testified as to the good character of defendant.

So far as this record shows, these witnesses, Melt Fulmer and George Hill, were wholly disinterested in the outcome of this case. Their testimony tends to show motive on the part of Oliver, the accomplice, against this appellant, and their evidence in this case was unimpeached.

From what has been said, this court is of the opinion that error prevailed in the ruling of the trial court in overruling and denying defendant's motion for a new trial.

Reversed and remanded.