164 So. 308

## HAWTHORN v. STATE.
### 4 Div. 107.

Court of Appeals of Alabama.
Nov. 19, 1935.

Simmons & Simmons, of Opp, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant was convicted under a general verdict of the jury, upon an indictment which charged him in count 1 with the

offense of manufacturing or distilling prohibited liquors contrary to law; and, in count 2 (in proper form and substance), of the offense of unlawfully possessing a still to be used for that purpose. The court pronounced and entered judgment of conviction based upon said verdict, and sentenced the defendant to serve an indeterminate term of imprisonment in the penitentiary for not less than two years nor more than three years. From said judgment this appeal was taken.

Several objections were interposed by appellant upon the admission of the testimony, but pending the trial no exceptions were reserved to the court's rulings.

On this appeal, it is insisted that error prevailed in the action of the court in refusing to defendant the general affirmative charge. This insistence is upon the theory that the only evidence adduced upon the trial tending to connect this appellant with the commission of the offense was that given by an admitted accomplice, one Richmond Brannen. Brannen, while being examined as a witness, admitted his participation in the crime complained of in this case, and stated that he had pleaded guilty in the case on that day. Hence, as stated, he was admittedly an accomplice.

The offenses charged in the indictment in this case are each felonies under the statute. By express provisions of section 5635 of the Code 1923, a conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. This statute further provides: "And such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

In our case, Parker v. State, 23 Ala. App. 217, 123 So. 107, 109, this court said: "A conviction of felony cannot be had on the testimony of an accomplice, or of numerous accomplices, unless such testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense; and the rule is that 'such other evidence,' to be sufficient, must be believed by the jury beyond a reasonable doubt."

Appellant cites our case of Rooks v. State, 160 So. 270, 271. By reference thereto we find that the case at bar and the Rooks Case are practically identical as to facts and the point of decision involved and now under discussion. In the Rooks Case, supra, this court said: "The appellant contends that his conviction was had upon the testimony of state witness Que Oliver, an admitted accomplice; and that there was no other evidence which tended to connect him with the commission of the offense. Upon a careful consideration of all the evidence adduced upon the trial of this case we find there was some evidence given by witnesses, other than the accomplice Oliver, which tended to show that this appellant was present at the still at the time of the 'raid' by the officers. The witnesses testified, on direct examination, 'in my best judgment Arthur Rooks was one of the five men I saw going off from the still.' However, on cross-examination the witnesses stated they could not say positively who the men were who left the still, going south, upon the approach of the officers. We are of the opinion that this evidence was sufficient to go to the jury for the purpose of corroborating the accomplice on his statement only, that the appellant was one of the men present at the still upon that occasion. But mere presence of a person at a still, without more, is no offense, as has many times been declared by this court. The question here is whether or not there is sufficient corroboration of Oliver's testimony as to the commission of the offense complained of in the indictment. As stated, the appellant was convicted of the offense of being in possession of the still. We find no testimony of any witness, other than Oliver's, as to any act or utterance of this appellant which tends to connect him with the possession of the still in question. And upon Oliver's uncorroborated testimony, he being an accomplice, and the offense being a felony under the statute, a conviction cannot be had. Section 5635, Code 1923."

No further discussion is necessary. The judgment of conviction from which this appeal was taken is reversed, and the cause remanded. Rooks v. State, supra.

Reversed and remanded.