253 So.2d 351

**Jackie Gene WHITE, alias**

v.

**STATE.**

**3 Div. 42.**

Court of Criminal Appeals of Alabama.

Oct. 5, 1971.

L. H. Walden, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant appeals from a conviction of burglary in the second degree and a sentence of seven years.

At the conclusion of the State's case, appellant moved that the evidence be excluded and motion was overruled by the court. After the verdict, motion for a new trial was duly filed and overruled. One or more grounds of the motion were directed to the sufficiency of the evidence to sustain a conviction.

An outline of the testimony for the State tended to show that near midnight on March 29, 1969, the offices of the Greenmont Liquid Gas and Fertilizer Company, Incorporated, in Montgomery were burglarized, the glass in the front door was broken, and the papers along with other office effects in one or more of the offices were disarranged and scattered around the rooms. Two of the State's witnesses, Benny Mann and J. E. Wood who lived across the street from said Company, testified that shortly before midnight they were awakened and observed an automobile parked near the entrance at the front of the premises. One of them saw a light come on in the back office. None of the parties was recognized but one person was seen standing in front of the building and later the automobile with several people in it moved away at a rapid rate of speed. The two witnesses gave chase to the automobile, followed it about three and one-half miles in another car and took the license tag number when the automobile stopped near a residence. They identified the car as a blue colored Pontiac.

Appellant was not identified by either of these witnesses but earlier in the night he was observed by Calvin M. Kindall, operator of the Blue Bonnet Inn, a night spot near Montgomery, along with several other men, two of whom testified for the State, and one woman, who were occupying a table at his place of business. He later observed that they had left, and when he was in the act of closing the Inn, around 12:30 to 12:45 A.M., he observed appellant, along with State's witnesses, David Booth and Clarence Johnson, drive up in a blue 1961 or 1962 Pontiac. Appellant got out of the Pontiac, got into his own car, and drove away.

State's witnesses David Booth and Clarence Johnson who admittedly were accomplices testified that they, along with Ocie Emfinger, were in the company of appel-

lant on the night in question at the Blue Bonnet Inn; that from there they drove to the Greenmont Liquid Gas and Fertilizer Company; that they (Booth, Johnson and Emfinger) cooperated in the breaking and entering of the business; that appellant stayed in the automobile while the burglary was in progress and drove the car away when they left; that they were chased by State's witnesses, Benny Mann and J. E. Wood; and that they later returned to the Blue Bonnet Inn where they let appellant out and left him. They further testified that they (appellant, Booth, Johnson and Emfinger) had agreed among themselves to burglarize said Company before the mission was actually carried out.

Appellant did not testify nor offer any witnesses in his behalf.

■ In brief appellant argues that the testimony of the alleged accomplices to the crime is not sufficiently corroborated under the well-known rule, Tit. 15, § 307, Code of Alabama, 1940, for a conviction of the appellant.

"A conviction of felony cannot be had on the testimony of an accomplice, or of numerous accomplices, unless such testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense; and the rule that 'such other evidence,' to be sufficient, must be believed by the jury beyond a reasonable doubt. McDaniels v. State, 162 Ala. 25, 50 So. 324; Cobb v. State, 20 Ala.App. 3, 100 So. 463; Ex parte, State ex rel. Attorney General, 211 Ala. 320, 100 So. 466. If such evidence merely shows the commission of the offense or the circumstances thereof, it. is not sufficient." Parker v. State, 23 Ala.App. 217, 123 So. 107.

In the case of Ross v. State, 74 Ala. 532, the Supreme Court stated:

"* * * [P]roximity and opportunity when, as in this case, the testimony tends to show the crime was committed at a very unseasonable hour, is a circum-

stance to be weighed by the jury in determining the guilt or innocence of the accused. * * * The demands of the statute are met, when the corroborating testimony tends to connect the accused with the commission of the offense. Its sufficiency is not a question of law."

The State's evidence shows the appellant was in the company of the accomplices before and immediately after the time of the alleged burglary and that he was riding with the accomplices in the car alleged to have left the scene of the burglary. This, together with the lateness of the hour, is sufficient under the above cited authorities to connect appellant with the crime and to submit the case against him to the jury.

■ The court gave numerous written charges at the request of appellant and refused nine. We have carefully studied these charges, and it appears that every charge refused was either covered by one of the written charges given by the court or was amply covered by the oral charge. Under the well-known rule, there is no duty on the court to give a charge, the substance of which has been covered by written charge or oral charge of the court.

■ During the argument to the jury appellant objected to the statement by the prosecuting attorney, "There is no testimony that he was anywhere else but with these people at the time." Appellant moved for a mistrial and the motion was overruled by the court.

The application of Tit. 15, § 305, Code of Alabama, 1940, has been the subject of innumerable cases by the appellate courts. In the case of Thompson v. State, 41 Ala. App. 353, 132 So.2d 386, this Court, speaking through Judge Cates, recognizes three different classes of comment dealt with in cases involving alleged violations of the above statute as being (1) direct, (2) indirect, and (3) diffused. The first two classifications have been held to be violations of the statute, while the third has not. In our opinion the statement by the prosecut-

ing attorney complained of falls under the third classification.

We think the statement made in *Thompson,* supra, "There is no evidence it is not whiskey," is analogous in principle to the statement in the case at bar, "There is no testimony that he was anywhere else but with these people at the time." The argument in *Thompson* was held not to violate the statute. Under the holdings in *Thompson* and the cases cited therein we are of the opinion there was no error by the court in overruling the objections to the argument and motion for a new trial in the case at bar.

Numerous objections were made to the testimony by appellant at the trial. We have examined these objections and find no error in the ruling of the court.

We have carefully reviewed the record as required by Tit. 15, § 389, Code of Alabama, 1940, and find no reversible error therein.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.