(136 So. 840)

## WILLIAMS v. STATE.

### 6 Div. 838.

Court of Appeals of Alabama.
June 16, 1931.

Rehearing Denied Aug. 4, 1931.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Monroe Williams was convicted of burglary, and he appeals.

Pennington & Tweedy and L. D. Gray, all of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was indicted jointly with one Robt. L. Creel.

A severance was had, Creel put on trial, and convicted of the offense of burglary. He appealed to·this court, where his judgment of conviction, etc., was affirmed. Creel v. State, 23 Ala. App. 241, 124 So. 507.

Later, appellant was put on trial, convicted as was Creel, and now brings his case here for review.

The evidence on the trial of the Creel Case, supra, was not materially different from that on the instant one. So we are persuaded that the opinion in the Creel Case will serve for such preliminary statement as we might otherwise make.

■■■■ The court was not in error in refusing to allow the defense witness, Mrs. Monroe Williams, to answer the following question propounded to her on direct examination: "I will ask you to state whether or not at the time he (the appellant) was going with Mr. Creel he told you that he was going to get some things that .Mr. Creel had told him he had traded for."

The question is clearly leading, as were the others, of a similar nature, to which the state's objections were sustained. Smith v. S. H. Kress & Co., 210 Ala. 436, 98 So. 378. And this was a sufficient reason for sustaining the several objections to the questions.

However, even assuming the questions to be correctly framed, the state's objections were properly sustained.

The testimony sought did not come within the rule declared in Maddox v. State, 159 Ala. 53, 48 So. 689, 691, to wit: "The declarations of the accused, made at or about the time he left home, as to the object and purpose of his leaving * * * are a part of the res gestae of this matter * * * [and are] properly made a subject of inquiry on the trial."

The admission or rejection of it was, rather, governed directly by the principles and reasoning in the cases of Barfield v. State, 19 Ala. App. 374, 97 So. 378, and Spelce v. State, 20 Ala. App. 412, 103 So. 694, certiorari denied by Sup. Ct. 212 Ala. 559, 103 So. 705, and, according to them, it was not admissible.

■■■■ We find no fault with the rulings of the court permitting testimony as to a part of the goods, alleged to have been stolen, being those but recently purchased, etc., from a certain concern. This testimony bore directly upon the identity of the goods with the possession, etc., of which appellant was connected, and was relevant.

· ■■■ Allowing witnesses to state how far, etc., they could see, etc., into the store alleged to have been burglarized, from a given point, at which they stood, was not error. It was the statement of a fact, rather than of an· opinion. Hembree v. State, 20 Ala. App. 181, 101 So. 221.

■■ It was no abuse of the discretion reposed in the trial judge as to the latitude cross-examination might take to allow the witness Harlan Williams to be asked, on his cross-examination, if this was the first time he had ever been "put on the stand" in this case. Allsup v. State, 15 Ala. App. 121, 72 So. 599.

Above, we have treated all those questions raised, with regard to the taking of testimony in the case, which seemed not so obviously without merit, as to require mention.

We have carefully read and considered the entire bill of exceptions.

We discover ·no erroneous ruling. On the contrary, it plainly appears that the learned trial judge was, if possible, unusually careful to see that appellant had a fair trial.

■■ And we are persuaded he had it. The comprehensive and comprehending oral charge of the court covers eleven full pages of transcript paper in the record. There was no exception reserved to any part of same, as, indeed, there appears no legal occasion for such to have been done.

In addition, there were given, at appellant's request, more than forty (40) written charges. Every possible phase of the applicable law was fully covered, either by the trial court's excellent oral charge, or by some one of the written charges given at appellant's request, or by both.

There was no prejudicial error in refusing any written requested charge appearing in the record, indorsed "refused," etc.

The judgment of conviction is affirmed.

Affirmed. ⸜