94 So.2d 788

**Eugene FULLER**

v.

**STATE.**

l Div. 728.

Court of Appeals of Alabama.

April 23, 1957.

---

1. Ante, p. 55.

2. Ante, p. 86.

W. C. Taylor, Mobile, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was charged by indictment for a violation of Title 14, Section 106, Code 1940. He was tried by the court without a jury, was convicted and sentenced to the penitentiary for a term of two years.

The only evidence offered by the State was the testimony of the prosecuting witness, William Marino, who testified that on January 14, 1954, defendant came to his home between six and seven o'clock in the evening and witness left with defendant in his automobile to help him get some logs for which he was to be paid by defendant. After they had driven for some distance, defendant parked the car and perpetrated an unnatural sex act on witness and then forced witness to commit an unnatural act.

Defendant, as a witness in his own behalf, denied any participation in the acts described by Marino. He testified that he spent the intervening time from 6:15 P.M., until about 9:15 on the evening in question at various places, which he identified.

Appellant argues that the witness Marino is an accomplice whose testimony is not corroborated.

Section 307, Title 15, Code 1940, provides:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

The burden of proving the witness to be an accomplice is upon defendant. Horn v. State, 15 Ala.App. 213, 72 So. 768; Snowden v. State, 27 Ala.App. 14, 165 So. 410.

**92**

Our courts hold that on a charge of incest or carnal knowledge where the act has been committed by force the victim is not an accomplice. Newton v. State, 32 Ala.App. 640, 28 So.2d 353; Noble v. State, 253 Ala. 519, 45 So.2d 857.

In 81 C.J.S. Sodomy § 5, page 378, it is said: " * * * it has been held that where the pathic is a willing participant or accomplice in the commission of sodomy, a conviction may not properly be based on his uncorroborated testimony, but that where he is an unwilling victim his testimony does not require corroboration, and will alone support a conviction if clear and convincing in character."

In Underhill's Criminal Evidence, Fourth Edition, Section 602, at page 1175, it is said: "When, however, the crime is attempted or committed without or against the consent of the pathic party he is not an accomplice, and a conviction may be had upon his testimony alone. Whether he consented is a question for the jury in all cases where the evidence is at all doubtful."

In this case the evidence is that the witness did not voluntarily participate in the unnatural acts and did not consent thereto.

Nothing appears in the testimony as to the age of the victim. In the motion for a new trial the defendant sets up that William Marino at the time of the alleged crime was fourteen years of age. However, the court had the opportunity of observing both the prosecuting witness and the appellant on the witness stand. Whether or not the witness was an accomplice, under the evidence, was a question of fact for his determination. We are of the opinion the evidence was sufficient to sustain the judgment of conviction, therefore no error resulted in the overruling of the defendant's motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.