153 So.2d 254

**Russell H. HURLEY**

v.

**STATE.**

**7 Div. 681.**

Court of Appeals of Alabama.

May 7, 1963.

Beddow, Embry & Beddow, Birmingham, Wm. S. Halsey, Jr., Heflin, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Hurley appeals from his conviction for robbery in the Circuit Court of Cleburne County wherein a jury found him guilty and fixed his punishment at ten years in the penitentiary. He was sentenced by the trial court, and later filed a motion for new trial which, however, was not presented to the circuit clerk until the 18th day of October. Code 1940, T. 13, § 119.

The principal question presented on oral argument was whether Hurley (admittedly in the company of one Wade Hardy) was a voluntary or involuntary party, at most, to Hardy's robbing two brothers by the name of Scott.

McNeil Scott lived in Fruithurst, Alabama. In March, 1961, he was working for a sawmill across the Alabama line near Tallapoosa, Georgia. On pay day he and his brother went into Tallapoosa, Georgia, specifically to Whitey's Place. McNeil said he did not imbibe any alcoholic beverages, but his brother did. How much is in conflict—though not material to our review.

While the Scotts were there, Hurley, Hardy and Willis Vinson drove up and came in. Hardy, a witness for the State,

testified on direct examination regarding the Scott brothers at Whitey's Place:

"They were sitting there drinking wine and beer at the counter and one of the boys dropped his billfold on the floor, and I punched Russell and told him that the boy had a pocket-full of money. Russell told me to be quiet, and told me that we would pick them up on the highway when they were hitch-hiking."

At all events Hurley was driving when he, Hardy and Vinson did pick up the two Scott brothers as they were thumbing a ride out of Tallapoosa. Upon getting into Fruithurst, Alabama, Hardy pulled a pistol and waved it at the two Scott brothers in the back seat and demanded their money. The gun he used admittedly belonged to Hurley. Hardy testified he took it from the glove compartment of the car.

Later that night the Highway Patrol arrested Hurley, Hardy and Vinson on West 10th Street in Anniston. The gun was then on the floorboard under the front seat of the automobile. Hardy having been convicted, as noted above was a witness against Hurley.

There is some contention (1) that Hardy's testimony was not corroborated, and (2) that without prior design being shown Hurley was as much terrorized as the Scotts. However, in view of the testimony by Scott and that as to the reputed conversation between Hardy and Hurley at Whitey's Place in Tallapoosa, Georgia, after one of the Scotts dropped some money, there was sufficient evidence for the jury to decide whether Hurley was or was not in an enforced role.

Accordingly, it would not be necessary to rely upon cases such as Ray v. State, 32 Ala.App. 556, at page 558, 28 So.2d 116, wherein Judge Harwood, stated:

"While a community of purpose on the part of the conspirators to act criminally must exist at the time of the commission of the crime, such com-bination may be formed in a flash. It need not be shown that there was pre-arrangement to do the specific act complained of. When two or more persons enter upon an unlawful enterprise, with a common purpose to aid, advise, or encourage each other in whatever may grow out of the enterprise, each is liable for whatever may consequently and proximately result if the act done by one were within the purview of the common design. * * *"

At this term of court, in Ferrell v. State, 41 Ala.App. 659, 148 So.2d 656, we had occasion to consider the problem of whether or not an imputed accomplice was or was not a coerced participant in a joint criminal venture. Code 1940, T. 15, § 307, reads as follows:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

Ferrell would have gone scott free had it been necessary to corroborate the evidence of the two young boys who, according to the inferences from the verdict, were forced by him into helping when he broke in and burned the house.

There we indicated that the question of duress per minas of the so-called accomplice was primarily a question of fact. If this be true, then the problem should be presented to the jury by way of requested charges rather than by an attempt to overturn the verdict afterwards.

Here, Scott's testimony admits of a rational inference that Hurley, who was driving the automobile the whole while that Wade Hardy was holding the pistol upon the two robbery victims, was in cahoots with Hardy.

Thus analyzed the test Simpson, J., voiced in Sorrell v. State, 249 Ala. 292, 31 So.2d 82, is abstract in this particular instance.

The entire record has been carefully reviewed in accordance with Code 1940, T. 15, § 389, and the judgment of the circuit court is due to be

Affirmed.