209 So.2d 435

**Theodore MAHONE**

**v.**

**STATE.**

**5 Div. 707.**

Court of Appeals of Alabama.

April 2, 1968.

Fred Gray, Gray, Seay, Langford & Pryor, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

We are indebted to appellant's counsel in his brief for the following statement of the case and the tendencies of the evidence:

The appellant was convicted in the Circuit Court of Macon County of crime against nature, and sentenced to a term of three years in the penitentiary.

The prosecutrix in the said circuit court is the wife of the appellant. She testified at the trial that she had been married to appellant for eight years. That in April, 1967, while she was living at the home of her father, appellant came to her house. Appellant asked her father to summon her. She got into a truck with appellant and rode off with him. Appellant stopped the truck in a wooded area. Appellant then disrobed, pulled out a knife, and commanded her to commit an act upon him which is here described as fellatio, but which was actually described in less elegant terms.

This witness further testified that she and appellant have four children and that she had two children prior to her marriage to appellant. During the marriage she had frequent sex relations with appellant, but never of the nature complained of. Appellant had recently been released from jail, and during the time of his incarceration she received welfare funds. She and her relatives had ill feelings against appellant, and she had ill feelings against appellant even before the commission of the act complained of.

On witness's cross-examination, the court sustained the State's objection to the question asked of the witness as to whether the welfare check would be discontinued since the appellant was then out of jail. She was still receiving a check.[1] When appellant went to jail, she considered herself separated from him. She did not write to appellant while he was in jail. She complained to her father after the alleged crime.

The prosecutrix's father, Hooper Richardson, testified that prosecutrix complained to him after the alleged crime. This witness further testified that he had a bad feeling toward appellant.

Another witness, Dorothy Jean Reese, testified that she is the prosecutrix's aunt. She saw the prosecutrix on the night of the alleged offense and the latter made a complaint to her. During Court recess, the District Attorney asked her about prosecutrix's handwriting. She has a bad feeling toward the appellant, and has had such a feeling before May, 1963.

Albert Hope testified for the State that the prosecutrix made a complaint to him the night of the alleged offense.

Witness Lucius D. Amerson, Sheriff of Macon County, testified that the prosecutrix made a complaint to him on April 16, 1967, close to eleven o'clock.

The appellant, testifying in his own behalf stated that he lived in Society Hill, that he and prosecutrix have four children and that she had two children when they married. He was working in Opelika and at work at the time of his arrest for the alleged offense. He received letters from his wife, the prosecutrix, while in jail at a time before the alleged offense. He saw prosecutrix the night of the alleged offense and at that time discussed the probability of renting a house for the family. Prosecutrix "started fussing and raising sand at" him. He had no type of relationship with her that night and did not commit the alleged offense. Prosecutrix threatened to put him in jail so that she could continue receiving her welfare check.

Appellant argues as follows:

1. "Complaint should be made by prosecutrix as soon after alleged offense as

---

1. This answer came in before the State's objection. Though the court sustained objection, no motion was made to exclude the answer.

practicable. Pitts v. State, 19 Ala.App. 564, 99 So. 61."

2. "There is no absolute or unrestricted right in jury to disregard evidence of witness declared competent. O'Neill v. City of Birmingham, 221 Ala. 580, 130 So. 87."

3. "Witness may be impeached by inherent improbability of his own testimony. Williams v. Mahone, 236 Ala. 94, 182 So. 464; Umphrey v. Barfield, 238 Ala. 11, 189 So. 64."

■ The Attorney General in brief points out that each complaint testified to was made the same night. Delay in complaint is a factor, not of substantive law, but rather of adjectival, i. e., the law of evidence affecting credibility not admissibility. Walker, P. J., in Beiser v. State, 10 Ala.App. 86, 65 So. 312, gave three or four days as an acceptable unexplained delay before the term "recent" would vanish from its connotation.

■ The court charged the jury that "if one is forced to commit an act of this kind, he or she is not an accomplice." This direction is supported by Fuller v. State, 39 Ala.App. 90, 94 So.2d 788.

■ The prosecutrix's testimony that she had never in eight years had such sex relations consensually or involuntarily with her husband did not as a matter of law make her accusation improbable.

■ This was a jury case. The judgment below is

Affirmed.