222 So.2d 361

**Clyde LaBRYER**

v.

**STATE.**

**3 Div. 355.**

Court of Appeals of Alabama.

March 4, 1969.

Rehearing Denied April 1, 1969.

CATES, Judge.

This is an appeal from a judgment of conviction as a sodomite. Code 1940, T. 14, § 106, a crime against nature. The sentence was three years in the penitentiary.

### I.

LaBryer, who was over sixty, paid the rent seriatim on rooms at two different locations. In each instance there was but one bed in the room. It is not clear whether or not he and the averred pathic slept in shifts or together.

This pathic (or patient as some references say), a nineteen year old male, stated that LaBryer committed six deviant acts upon him. He testified that LaBryer had his hands around his neck and threatened to kill him if he told anybody about it. It was after LaBryer slapped him that this youth complained to the police.

His testimony as transcribed is not clear, which, besides transcriptional difficulties, could be attributed to the pathic's not speaking loud, his being mentally deficient or having been born in Germany. On these points nothing in the record is of help other than that he was born in Frankfurt am Main and had completed the seventh grade in school.

To corroborate the pathic's testimony, the State called LaBryer's landlady who stated that LaBryer called the young man "Junior." Lt. Moody, a city detective, testified that he found two notes[1] at LaBryer's room:

"Junior, Door is unlocked, come in and wake me up if, you visit me today. I damn sure do want to talk to you. Clyde"

"Junior, If, you come here to night, call me on the phone where we worked together. I want to talk to you. Be sure and call me on the phone. Clyde"

On cross a defense witness testified he had seen the room on an occasion when the pathic was still in bed "and the old man

---

Geo. C. Brassell, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

1. The State proved the signature as that of the defendant.

was out [of the building]." Proof came in which was similar to that which was held to be noncorroborative in Burge v. State, 103 Ga.App. 682, 120 S.E.2d 200.

## II.

Blackstone tells us that if both are arrived at years of discretion, agentes et consentientes pari poena plectantur (the perpetrator and consenting party are both liable to the same punishment). IV Comm. 216.

■ "Years of discretion" for the purposes of the responsibility in criminal law, absent a modifying statute, is usually said to range from fourteen years and upward. Blackstone, IV Comm. 22, et seq.; Reynolds v. State, 154 Ala. 14, 45 So. 894; Key v. State, 4 Ala.App. 76, 58 So. 946; Darden v. State, 12 Ala.App. 165, 68 So. 550. The fourteen year line, however, can be moved in either direction.

■ An adult, even, can be subjected to diminished responsibility if he acts under duress. IV Bl.Comm. 30. This determination this court, per Price, P. J., said in Haywood v. State, 43 Ala.App. 358, 190 So.2d 725, was for the jury. The presumption (creating the risk of nonpersuasion) is that the adult pathic is prima facie an accomplice.

However, this presumption is not conclusive, being merely of fact. See McCreary v. State, 42 Ala.App. 410, 166 So.2d 914 (5). In Mahone v. State, 44 Ala.App. 372, 209 So.2d 435, we find:

"The court charged the jury that 'if one is forced to commit an act of this kind, he or she is not an accomplice.' This direction is supported by Fuller v. State, 39 Ala.App. 90, 94 So.2d 788."

■ In felonies the testimony of an accomplice requires corroboration. Code 1940, T. 15, § 307, reads:

"§ 307. A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

## III.

■ Applying the test of Sorrell v. State, 249 Ala. 292, 31 So.2d 82, we conclude that the evidence which the State, in the Attorney General's brief, contends to be corroboratory falls far short of connecting the defendant as the agent in the alleged crime.

## IV.

■ Yet, if the pathic acted under duress as defined in *Haywood*, supra, he would not be an accomplice. Axiomatically, if he is not an accomplice, his testimony is entitled to credit alone.

■ ■ Ordinarily, for the purpose of § 307, supra, the burden of proving a witness to be an accomplice in a felony lies on the defendant. However, an adult admitted catamite is prima facie an accomplice. Fuller v. State, 39 Ala.App. 90, 94 So.2d 788, left the question for the trier of fact.

In Hurley v. State, 42 Ala.App. 92, 153 So.2d 254, we find:

"* * * in Ferrell v. State, 41 Ala. App. 659, 148 So.2d 656, we had occasion to consider the problem of whether or not an imputed accomplice was or was not a coerced participant in a joint criminal venture. * * *

"Ferrell would have gone scott free had it been necessary to corroborate the evidence of the two young boys who, according to the inferences from the verdict, were forced by him into helping when he broke in and burned the house.

"There we indicated that the question of duress per minas of the so-called accomplice was primarily a question of fact. If this be true, then the problem should

be presented to the jury by way of requested charges rather than by an attempts to overturn the verdict afterwards."

Here, the trial judge charged the jury orally in pertinent part (to which defendant did not except):

"There is this law that comes in the case that where two people commit a crime together, both of them are agreed to do it together, then just on the testimony of one of them alone the other one could not be convicted. But if you have testimony that bolstered up the testimony you don't have to prove that somebody else saw it. But there has to be sufficient testimony to show that it could have been done. By that I mean testimony that connects it up in the case that you just wouldn't jump up and say, 'Charge me with something and I hadn't been associated with him,' or anything on that order. You have to bring all these facts in if there is sufficient cooperation [sic] in the case, not actually somebody seeing the act going on, then that is sufficient. But just for one of the conspirators to jump up and charge another without their being connected in some way, the law would not permit that." R. 54.

Defendant, however, did submit in writing the following charge:

"# 2—I charge you Gentlemen of the jury that if you believe from the evidence that the said Robert * * * was a willing accomplice to the alleged criminal act then it is your duty to find the defendant not guilty.

"Refused, Carter, Judge."

We have gone to the record of Morris v. State, 17 Ala.App. 126, 82 So. 574, where we find:

"8. If the Jury believe from the evidence that Frank Birch knew that said goods were stolen at the time he claims to have hauled them there he is an accomplice and you cannot convict the defendant under this evidence.

"Refused, McCord, Judge."

In *Morris,* the case hinged on whether one Burch (or Birch, idem sonans) was an accomplice vel non. We quote:

" * * * The above and foregoing is all of the evidence offered by the state as tending to corroboration of the witness Burch, and we are of the opinion that it does not meet the requirements. If therefore the witness Burch was an accomplice in the crime, i. e., if he knowingly participated in it, and the jury should so find, from the evidence, the defendant would be entitled to an acquittal. Code 1907, § 7897; Moore v. State, 15 Ala.App. 152, 72 South. [596] 597.

"On the other hand, if the jury believed from the evidence that Burch was an innocent party in the transaction and free from a guilty participation, then the jury would be warranted in convicting the defendant on his testimony without corroboration. For the above reasons the court did not err in refusing to give the affirmative charge as requested by the defendant, but did err in refusing to give charge eight as requested. * * *"

There is language in some opinions using terms which might seem to demand a higher degree of weight in the jury's collective mind than a mere belief, e. g., Ross v. State, 74 Ala. 532; Horn v. State, 15 Ala.App. 213, 72 So. 768 ("must be reasonably convinced").

However, we have found no disapproval of the simple balancing of probabilities compassed in the words "believe from the evidence" in cases which discuss actual instructions tendered. Compare charge 3 in Darden v. State, 12 Ala.App. 165, 68 So. 550, with charge 8 in *Morris.*

In view of the counter action of the presumption of complicity of an adult

pathic as opposed to the defendant's factual burden of establishing the witness as an accomplice—where there is no corroborative proof—we consider refused charge 2 was proper as a matter of law. Its refusal was reversible error in the state of the evidence of instant concern.

## V.

■■■■ Since the demise of the "mere evidence" rule in Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782, we see no point in going into whether Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081, requires the exclusion of the two notes set out hereinabove.

Also since the seizure was made at the time of execution of a warrant for arrest, it would seem that any further complaint hereafter could be made by a pre-trial motion to suppress. Thus a jury would not have to sit idly in the jury room while the question of admissibility was threshed out.

## VI.

■■ ■■ For some reason not explained in brief LaBryer has filed an original petition for a writ of habeas corpus for a discharge from detention under what is denominated as a void judgment.

There is an automatic exception conferred by Code 1940, T. 7, § 273.[2] The question of law raised by the request for charge 2 can only be revealed in the light of the testimony. The defect, if any, in the judgment of the circuit court is not patent.

Moreover, neither Code 1940, T. 15, § 6, nor § 27 has been complied with. Habeas corpus is not a substitute for an appeal. The petition is denied.

## VII.

The judgment of the circuit court for error in refusing charge 2 is reversed and the cause there remanded for new trial.

Petition for habeas corpus denied; judgment of conviction reversed and cause remanded.

2. " * * * It shall not be necessary to set out the charges in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be pre- sumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof. * * * "