227 So.2d 803

### M. L. ALLDREDGE

### v.

### STATE.

### 7 Div. 5.

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Rehearing Denied Nov. 4, 1969.

Nabors & Torbert, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Alldredge appeals from a judgment convicting him as a child molester. The trial judge sentenced him to two years in the penitentiary. Michie's 1958 Code, T. 14, § 326(2), with 1967 amendment.

The complaining witness was a thirteen year old boy whose testimony was, if believed to the required degree, sufficient to support the jury's verdict.

No requirement of corroboration is presented in this record. Blocker v. State, 40 Ala.App. 658, 120 So.2d 924.

I

Error is claimed in the court's refusal of Charges 6, 8 and 19 [1] requested in writing by appellant.

1. Charges refused to appellant:
   6. The court charges the jury, if the jury are not satisfied beyond all reasonable doubt to a moral certainty,

and to the exclusion of every other reasonable hypothesis but that of defendant's guilt, they should find him not guilty, and it is not necessary to

The Attorney General says that the court's general charge and the other given written charges obviated the need for these charges. Code 1940, T. 7, § 273, 4th sent.

■ 1. Charge 6 purports to be Charge 11 in Bufford v. State, 23 Ala.App. 521, 128 So. 126.[2] However, it uses "beyond *all* reasonable doubt" instead of "beyond a reasonable doubt." The use of "all" is too emphatic in favor of the defendant. See Saulsberry v. State, 178 Ala. 16, 59 So. 476, Charge O.

Forms of this charge using "all" are found in Krasner v. State, 32 Ala.App. 420, 26 So.2d 519(14), Charge 23; Carroll v. State, 36 Ala.App. 59, 52 So.2d 171(19), Charge 14; Clayton v. State, 36 Ala.App. 610, 63 So.2d 564(3), Charge 16; Mason v. State, 37 Ala.App. 122, 64 So.2d 606(10), Charge 25; and in McDowell v. State, 238 Ala. 101, 189 So. 183(14), Charge 4. In Odom v. State, 253 Ala. 571, 46 So.2d 1(10), Charge 12, did use the more orthodox "beyond a reasonable doubt" but was still faulted. See Quinn v. State, 39 Ala.App. 107, 95 So.2d 273(3), Charge 11.

*Bufford,* supra, having been overruled as to Charge 11 therein, we consider that there was no error in refusing Charge 6.

■ 2. Charge 8 of instant concern is Charge 33 in *Bufford,* supra, and Charge 11 in Wilson v. State, 243 Ala. 1, 8 So.2d 422(32); Jones, Ala. Jury Instr., § 7132.

In Leonard v. State, 38 Ala.App. 138, 79 So.2d 803, Price, J., pointed out that charge (such as No. 8 here) is valid where the prosecution rests its case *solely* on circumstantial evidence. Otherwise, the trial judge will not be held in error in refusing it. This, of course, emphasized the scouring effect of "to the exclusion of every other reasonable hypothesis, every circumstance necessary * * *."

This case does not rest for conviction wholly (or in any material part) on circumstantial evidence.

3. Charge 19 refused the defendant is verbatim refused Charge 11 in the *Bufford* case, supra, (9). *Odom,* supra, makes the refusal of such a charge non-erroneous; hence, on Charge 11 therein, Bufford must be deemed to have been disapproved by our Supreme Court.

II

■ This crime is based on the act of an adult, vis-a-vis a child. Hence, basically,

raise a reasonable doubt that the jury should find from all the evidence a probability of defendant's innocence in the testimony, but such a doubt may arise even when there is no probability of defendant's innocence in the testimony; and if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty.

8. The court charges the jury that the burden is upon the State, and it is the duty of the State to show, beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis every circumstance necessary to show that the Defendant is guilty; and, unless the State had done in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty.

19. The court charges the jury that if they are not satisfied beyond a reason-

able doubt, to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of the guilt of the defendant, then they should find him not guilty; and it is not necessary, to raise a reasonable doubt, that the jury should find from all the evidence a probability of defendant's innocence, but such a doubt may arise, even when there is not probability of his innocence, in the testimony, and, if the jury have not an abiding conviction of a moral certainty of his guilt, it is the duty of the jury to acquit him.

2. See also Jones, Ala. Jury Instructions, § 7153, which unfortunately fails to cite the disapproval of this form given by Simpson, J., in *Odom,* 253 Ala. 571, 46 So.2d 1(10), Charge 12.

the child is treated as the victim of an indecent assault not constituting carnal knowledge or the abominable crime against nature, though perhaps also including preparations if not attempts thereat.

Accordingly, we have been careful in appellate opinions not to generalize as to the applicability of Code 1940, T. 15, § 307, which requires in felonies proof to corroborate the testimony of an accomplice.

At common law, corroboration was generally not required. Alexander v. State, 281 Ala. 457, 204 So.2d 488. In sex cases, the practice developed of calling the jury's attention to (1) the difficulty of establishing corroboration because of the usually arcane setting of the alleged act; and (2) the consequent ease of making an unfounded accusation with slight risk of refutation. This weighing of probabilities is, indeed, an awesome responsibility for jurors.

In *Blocker*, supra, we said:

" * * * We consider Fuller v. State, 39 Ala.App. 90, 94 So.2d 788, states the rule as to corroboration which should govern here.

"Here, too, the defense presented no evidence to displace the presumption that an infant between the ages of seven and fourteen is incapable of committing a felony. Key v. State, 4 Ala.App. 76, 58 So. 946."

As to a child's capacity to testify, see Code 1940, T. 7, §§ 439 and 440. Segrest v. State, 44 Ala.App. 673, 219 So.2d 890. In Ferrell, 41 Ala.App. 659, 148 So.2d 656, whether or not two youths fourteen and fifteen were voluntary accomplices, we held to be a question of fact. Here, as a matter of law, we cannot hold the complaining witness to be an accomplice merely because he did not fight off his molester.

The judgment below is due to be

Affirmed.