A jury found defendant guilty of the crime against nature (Code of Alabama 1940, Title 14, Section 106) as charged in an indictment in Code form (Form 104, Code of Alabama 1940, Title 15, Section 259) alleging that defendant "against the order of nature, carnally knew James Edward Hampton." The court fixed his punishment at imprisonment for ten years in the penitentiary and duly sentenced him accordingly.
A summary at least of the evidence would be made if necessary and in the interest of justice, but it is neither. We condense our discussion of the facts to a statement sufficient to explain our resolution of the questions presented and worthy of discussion on this appeal.
The chief contention of appellant is that he was convicted on the uncorroborated testimony of an accomplice and for that reason the court erred in overruling defendant's motion to exclude the evidence at the conclusion of the State's case. If appellant is correct in the contention, the *Page 853 
court should have granted defendant's motion and should have directed a verdict in favor of the defendant or given the defendant the affirmative charge in his favor, as he requested in writing in several forms. Code of Alabama 1940, Title 15, Section 307; Alexander v. State, 281 Ala. 457, 204 So.2d 488, af'g. 44 Ala. App. 143, 204 So.2d 486 (1967); Leonard v. State,43 Ala. App. 454, 192 So.2d 461 (1966); Smith v. State,45 Ala. App. 63, 223 So.2d 605 (1969).
The scene of the alleged crime was Cell Block 7-B of the Mobile County Jail. Hampton, an inmate of the particular cell of the jail during the first part of January 1974, testified that defendant and others in the cell conducted a "little trial" for him for not taking a shower for three days. According to him, the defendant was the judge, one of the inmates acted as the district attorney and another inmate was designated as his attorney, and the remaining inmates, at least three, constituted the jury. They found him guilty and sentenced him to do what he was told by the others, including specifically conduct expressed in post-Victorian jargon not readily found in judicial or other legal publications, but defined in some authoritative ultramodern lexicons as a specific form of the crime against nature. He further testified that for three or four hours thereafter he was intermittently used unnaturally by some of the others; he was bruised in and about his face and eyes, his glasses were broken; and, while he was in the bathroom taking a shower, defendant, as well as two others, committed a sex act of anal penetration of him.
Another inmate at the time testified for the State and corroborated the testimony of Hampton in the foregoing essential details, but appellant contends that such witness was also an accomplice. If so, his testimony is insufficient to afford the legal corroboration required by Section 307, supra.Evans v. State, 42 Ala. App. 587, 172 So.2d 796; White v. State,47 Ala. App. 282, 253 So.2d 351.
The only other witness for the State was a jail guard, who testified that on January 8, 1975, he removed Hampton from the cell, but at that time Hampton said nothing to him about being sexually assaulted. He further testified that he was told that there was an inmate in the cell that had been beaten, burned and sexually molested. Hampton had testified that he had been burned.
Defendant did not testify. The chief jailer testified for the defense to the effect that one of the persons who Hampton testified took part in the mistreatment of him had been removed from the Mobile County Jail to Atmore or Holman Prison at the time.
The other witnesses for the defense included an inmate of the cell at the time of the alleged offense. He said that Hampton's sentence at the trial was to wash his clothes, take a shower, send his clothes in once a week to the laundry and wash clothes for the other inmates, that upon his failure to clean himself he was taken back to the court and sentenced to go through a gauntlet line. He further said he had never witnessed any sex acts committed upon Hampton by anyone in the cell.
There were two other witnesses for the defense, both of whom testified that in late January 1974 they were in the "drunk tank" of the Mobile County Jail and that while there they had heard Hampton say that he had told officials that he had been sexually molested in order to beat the case that they had pending against him, and both testified in effect that at such time Hampton denied that he had been sexually abused by defendant.
Inmates of the jail who testified, including Hampton, and certainly he was no virgin, had substantial criminal records calculated to impair seriously their credibility as witnesses.
It is so difficult to believe that human beings would act as Hampton testified *Page 854 
that inmates of the jail did, that we have some concern whether the jury reached a correct verdict, but, if Hampton was not an accomplice, the verdict was well within the province of the jury and should not be disturbed. Even the appellant does not contend otherwise.
There may be some basis for an inference that Hampton was an accomplice within the legal meaning of the term in its present context, but we are not convinced that he was.
A pathic acting under duress in permitting an unnatural sexual crime is not an accomplice. La Bryer v. State,45 Ala. App. 33, 222 So.2d 361 (1969), cert. denied, 284 Ala. 732,222 So.2d 366.
There is little language in the testimony that includes words synonymous with force or duress, but the circumstances as a whole indicate that the conduct of Hampton was imposed upon him, that he was not a willing participant in the execution of the sentence that had been meted out and that he thought it necessary to comply with the demands of the others or suffer severe bodily injury, some of which he did sustain, if his testimony is to be believed.
The contention of the appellant that Hampton falsely charged the appellant and others with a crime against nature in order to receive favorable treatment from officials on the charge against him of embezzlement has a natural rebound that indicates that he would not have voluntarily confessed to a crime of such a serious nature, which it would have been if his accusation and testimony could be construed as an admission of voluntary participation by him.
The jury could have concluded that whatever conduct is chargeable to Hampton was involuntary, that he was acting under duress and threat of force, the results of which would not have been as degrading but which could readily have been of such serious consequence in the mind of Hampton that he, morally weak as he doubtless was, did not have courage to resist. Under such circumstances, Hampton was not an accomplice, and the court was correct in submitting the question of the guilt or innocence of the defendant to the jury. Ferrell v. State,41 Ala. App. 659, 148 So.2d 656; Leonard v. State, 43 Ala. App. 454, 192 So.2d 461 (1966).
Appellant also complains of the court's refusal to give defendant's requested charge No. 3 as follows:
 "The Court charges you ladies and gentlement of the jury, that assault and battery is an included offense in the charge against this defendant."
Appellant cites People v. Hickey, 109 Cal. 275, 41 P. 1027
(1895) in which it was held that the offense of simple assault may or may not be an element in the felony designated as "sodomy"; that it is not an element where the act is done or attempted with the consent of the other party but that it is an element when the other party has not consented. We do not disagree therewith, but the charge was correctly refused for two reasons: (1) it was abstract and standing alone would not have been helpful to the jury but on the other hand would have been confusing and (2) there is no basis in the evidence for a finding that as to the particular act charged in the indictment and specified in the testimony of the State there was a failure to consummate the crime. In that circumstance the charge as to any lesser included offense is not proper. Kelly v. State,235 Ala. 5, 176 So. 807 (1937), Stovall v. State, 34 Ala. App. 610,42 So.2d 636 (1949).
Mindful of our duty to search the record to determine whether there was any error prejudicial to defendant, we have done so and have found none.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. *Page 855 
CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
Affirmed.
All the Judges concur.