ON REHEARING
BOWEN, Judge.
The appellant was indicted and convicted for a crime against nature as condemned by Title 15, Section 106, Code of Alabama 1940. Sentence was fixed at ten years imprisonment. The appellant is represented by retained counsel both at trial and on appeal.
The conviction of the appellant was affirmed without opinion by this court, all judges concurring, on December 20, 1977. On rehearing, the appellant has requested this court to deliver an opinion setting out the facts and reasoning behind its decision.
While we fully appreciate appellate counsel’s skilled and diligent efforts to prosecute this appeal, we see no reason to detail the particular facts surrounding the conviction. They entail various homosexual and inhumanly cruel acts which deserve neither repetition nor preservation in any written record. They reveal not so much the de *740 plorable conditions that existed in a county jail as they disclose the foulness and degradation of the minds and actions of a few imprisoned creatures. For purposes of this appeal, it is sufficient to state that the unwilling victim testified that the appellant performed an act of anal intercourse upon him. This in itself is sufficient to sustain the conviction. Fuller v. State, 39 Ala.App. 90, 94 So.2d 788 (1957); LaBryer v. State, 45 Ala.App. 33, 222 So.2d 361, cert. denied, 284 Ala. 732, 222 So.2d 366 (1969); Stevens v. State, Ala.Cr.App., 333 So.2d 852, cert. denied, Ala. 333 So.2d 855 (1975).
On appeal the only ground for reversal cited is the failure of the trial court to give five of the written charges requested by the appellant. Our review convinces us that the same principles of law requested in the refused charges were substantially and fairly covered in the oral charge of the court and in other written charges given at the request of the appellant. Therefore the refusal of the charges was not error. 6A Alabama Digest, Criminal Law, ®=»829(1); Title 7, Section 273, Code of Alabama 1940. The oral charge need not contain the same phraseology as that of the charges refused for this rule to apply. Roberson v. State, 233 Ala. 442, 172 So. 250 (1937). The refusal of correct charges is justified where the charges given cover every phase of the applicable law. Williams v. State, 24 Ala.App. 446, 136 So. 840, cert. denied, 223 Ala. 557, 136 So. 841 (1931); Mullins v. State, 28 Ala.App. 288, 183 So. 894, cert. denied, 236 Ala. 578, 183 So. 896 (1938).
The appellant has in no way been prejudiced by our failure to give a more detailed or lengthy statement of the law or the facts. Under Rule 39(k) Alabama Rules of Appellate Procedure, the appellant may copy into his brief those facts which we have omitted. Additionally the oral charge of the trial court is relatively brief and may be reviewed in its entirety by the Supreme Court on certiorari.
We have searched the record for error and considered those arguments advanced by the appellant. Our conclusion is that the judgment of the trial court is due to be affirmed.
APPLICATION OVERRULED.
All Judges concur.