[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 289 
Appellant Gene Moon was convicted of third degree burglary and second degree theft by a Madison County Circuit Court jury. He was sentenced to 30 years' imprisonment under the Alabama Habitual Felony Offenders Act. The relevant facts as they were presented by the State's case in chief revealed the following:
Robert Knight testified that on the evening of April 29, 1983, he returned to his house to find that it had been broken into and several thousand dollars' worth of property stolen, including a Polaroid camera, a shotgun, a channel scanner, and a quantity of jewelry.
Donald Bryant testified that on the evening of April 29 he and appellant Gene Moon drove to Robert Knight's house in appellant's Chevrolet after they had driven by the house earlier in the day. The two men broke into the building and stole, among other items, a television, a channel scanner, a shotgun, and a camera. They hid the stolen property in appellant's car trunk and the next day sold the items in Birmingham.
Witness James Hardy stated that he operated a pawn shop in Birmingham called Birmingham Loan Service. He said that appellant came in at the end of April 1983 with three Polaroid cameras and Hardy told the appellant that he would try to sell the cameras for him. These cameras were eventually confiscated by law enforcement authorities. The witness stated that appellant and Donald Bryant had been in his store together; he testified that he obtained a scanner from one of them. The scanner was also subsequently confiscated by the police.
Detective William B. Black, Jr. and Sergeant Nolan Bragg both testified that the camera recovered in Birmingham from James Hardy had the same serial number as the one stolen from the Knight residence.
Four issues are raised on appeal.
 I
Moon first contends that there was insufficient corroboration of an accomplice's testimony to sustain a conviction for third degree burglary. He cites Section 12-21-222, Code of Alabama 1975, which reads as follows:
 "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
Appellant claims that both Donald Bryant and James Hardy were accomplices and thus he could not be convicted by their uncorroborated testimony. The test for determining whether an individual is an accomplice is whether he could have been indicted and convicted of the same offense, either as a principal or an accessory. Jacks v. State, 364 So.2d 397
(Ala.Crim.App. 1978). *Page 290 
Hardy testified that he had no knowledge that the property given to him by Moon was stolen. The burden of proving a witness is an accomplice for the purposes of invoking the rule of § 12-21-222 is on the defendant (see annotations to §12-21-222), and clearly this burden was not met. The testimony concerning Hardy's culpability was conflicting and inconclusive, and we find he was not an accomplice within the meaning of the statute.
The evidence remaining after accomplice Bryant's testimony is eliminated is sufficient to connect Moon with the crimes in question. See Ware v. State, 409 So.2d 886 (Ala.Crim.App. 1981), and cases cited in Ala. Digest, Criminal Law, Key No. 511.2.
Hardy's testimony established that Moon was in possession of recently stolen property and such possession "will support an inference of burglary if there is also proof of breaking and entering so connected in time as to permit the inference that the larceny was the product of that breaking and entering."Burlison v. State, 369 So.2d 844 (Ala.Crim.App. 1979).
We conclude that it could have been fairly inferred from the facts that the appellant was connected with the offense in question, Jacks, supra, and thus we find no merit in the first issue raised on appeal.
 II
Appellant next asserts that while he was indicted for the second degree theft of a shotgun and a camera, the evidence adduced at trial never showed that he had the gun in his possession and control. Thus he contends that there was insufficient evidence to sustain his conviction for second degree theft. Section 13A-8-4, Code of Alabama 1975, reads in pertinent part as follows:
 "(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree."
We find that the evidence showed that the value of the stolen camera exceeded one hundred dollars and since testimony did place the camera within appellant's possession and control, the evidence was sufficient to sustain his conviction under §13A-8-4. The portion of the record concerning Robert Knight's testimony about the value of the stolen camera reads as follows:
 "Q. Are you familiar with the fair market value of cameras of that type at the time that camera was stolen?
"A. My insurance company established the price.
"MR. McDANIEL: We object.
"THE COURT: Sustained.
"A. About a hundred fifty dollars.
"Q. Do you have an opinion?
"A. No, I don't have a rough idea."
We must agree with the State that appellant's attorney objected only to the unresponsive answer, "My insurance company established the price." The objection did not reach the testimony concerning the value of the camera and thus this evidence was before the jury for its consideration. SeeChambers v. State, 356 So.2d 767 (Ala.Crim.App. 1978). Appellant failed to move to exclude the response and he did not ask that the evidence concerning value be stricken. We must conclude, therefore, that appellant's second issue is also meritless.
 III
The third issue raised is whether or not the trial court committed error when it refused to grant appellant's request for production and disclosure. A portion of that request included the following:
 "2. (a) Any and all statements of any other person made in connection with the investigation of this case and which implicates the Defendant.
 (b) Any and all notes, memoranda or reports relating to such statements."
Specifically, Moon claims it was error not to provide him with a copy of a statement made by Donald Bryant. As *Page 291 
authority for his argument appellant cites the case of Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). InBrady, the Supreme Court ruled that the prosecution's failure to produce requested material evidence favorable to an accused is violative of due process. The statement made by Donald Bryant was clearly inculpatory rather than exculpatory in nature, and thus the Brady decision was not relevant to its production. We further note, as did the State in brief, that there is no general constitutional right to discovery by a defendant in a criminal case. Bass v. State, 417 So.2d 582
(Ala.Crim.App. 1982). Appellant's request for production was not specific; as this court has pointed out in the past, a motion for discovery should not be a mere "fishing expedition",Giddens v. State, 333 So.2d 615 (Ala.Crim.App. 1976), and we find no error in the lower court's denial of appellant's request for production and disclosure.
 IV
The last issue before us is whether the lower court committed reversible error when it failed to grant appellant's pre-trial motion in limine; in that motion he asked the court to instruct State witness Hardy "to refrain from . . . . testifying about any statements made by Defendant or any trips Defendant may have made" to the witness's business except on the occasions relevant to the offenses charged in the indictment.
At trial Mr. Hardy testified about a channel scanner he had received. Moon's attorney objected to the testimony about the scanner on the ground that the theft of the scanner was not charged in the indictment. Appellant claims that such testimony was "irrelevant and immaterial", and only served to "inflame the passions of the jury". We cannot agree. The victim, Robert Knight, testified that one of the items stolen from his home was a police scanner. As we discussed in Section I above, possession of recently stolen goods may support an inference that a burglary was committed. The theft of the scanner occurred at the same time as the theft of the items mentioned in the indictment; thus the testimony was relevant to appellant's participation in the theft and we find the testimony was clearly admissible as part of the res gestae. SeeCole v. State, 352 So.2d 17 (Ala.Crim.App. 1977).
For the reasons cited above we find that the judgment of the trial court must be affirmed.
AFFIRMED.
All the Judges concur.