TAYLOR, Judge.
The appellant, Jewell D. Williams, was indicted on a charge of first degree sodomy in violation of § 13A-6-63, Code of Alabama 1975. The jury found appellant guilty of sexual misconduct and he was sentenced to 12 months in the county jail. Appellant contends that the trial court erred to reversal in denying his motion for judgment of acquittal.
Appellant’s conviction arises out of a series of incidents that occurred while appellant was an inmate at the Baldwin County jail. The victim was the 18-year-old cellmate of the appellant. He testified that early one morning the appellant awakened him and demanded that he perform oral sex upon him. The witness testified that the appellant threatened to stab him with a piece of television antenna if he did not do as he was told. The witness testified that he performed oral sex upon the appellant.
Approximately two days later, the appellant again threatened the witness with the T.Y. antenna and forced the witness to submit to anal intercourse. The victim also testified that appellant Williams had forced him to sign a “contract” which, in substance, stated that the witness would perform sex acts for the appellant twice a week. The victim stated that the appellant threatened to forward this “contract” to other inmates if he attempted to transfer to another cell. The appellant was 31 years of age at the time of these incidents.
Appellant contends that the jury’s verdict of guilty on the lesser included offense of sexual misconduct and the acquittal on *1144 the charge of sodomy, establish consent on the part of the victim, and that the victim’s consent made him an accomplice.
Sodomy in the first degree is defined by § 13A-6-63, Code of Alabama 1975:
“(a) A person commits the crime of sodomy in the first degree if:
(1) He engages in deviate sexual intercourse with another by forcible compulsion.”
Section 13A-6-65, Code of Alabama 1975, defines sexual misconduct:
“(a) A person commits the crime of sexual misconduct if:
[[Image here]]
“(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision.”
Appellant contends that had the jury found the requisite forcible compulsion there would have been no acquittal on the sodomy charge. The absence of forcible compulsion, appellant argues, logically establishes consent, making the complaining witness an accomplice, whose uncorroborated testimony cannot sustain appellant’s conviction. See, § 12-21-222, Code of Alabama 1975.
I
We wish to address the merits of appellant’s arguments.
“In order for a defendant to invoke the ... prohibition mandating corroboration of an accomplice’s testimony, the evidence must present an undisputed question of fact ... that the witness giving the testimony is an accomplice.” Washington v. State, 401 So.2d 236, 239 (Ala.Cr.App.), cert. denied, Ex parte Washington, 401 So.2d 241 (Ala.1981). Cf. Yarber v. State, 375 So.2d 1229 (Ala.1978); Clifton v. State, 359 So.2d 853 (Ala.Cr.App.1978).
“The test for determining whether an individual is an accomplice is whether he could have been indicted and convicted of the same offense.” Moon v. State, 460 So.2d 287, 289 (Ala.Cr.App.1984); Jacks v. State, 364 So.2d 397, 401 (Ala.Cr.App.1978). “The burden of proving a witness is an accomplice ... is on the defendant.” Moon, supra, at 290.
This burden was not met. The testimony of the victim convinces us that he participated in these acts under pressure, duress, and coercion. In LaBryer v. State, 45 Ala.App. 33, 222 So.2d 361, cert. denied, 284 Ala. 732, 222 So.2d 366 (1969), this court held that “[I]f the [sodomy victim] acted under duress_ he would not be an accomplice.” 45 Ala.App. at 36, 222 So.2d at 364. See Williams v. State, 57 Ala.App. 158, 326 So.2d 686 (1975), cert. denied, 295 Ala. 428, 326 So.2d 692 (1976).
In Andrews v. State, 359 So.2d 1172 (Ala.Cr.App.1978), we held, at 1175: “If one is forced to commit an act of [sodomy], he is not to be considered an accomplice.” Cf. Fuller v. State, 39 Ala.App. 90, 94 So.2d 788 (1957); Mahone v. State, 44 Ala.App. 372, 209 So.2d 435 (1968).
LaBryer and Andrews, supra, say that whether a sodomy victim is an accomplice is not to be determined by reference to statutory “forcible compulsion.” The standard is whether the victim acted under force or duress. The fact that the jury may not have been convinced, beyond a reasonable doubt, of the existence of “forcible compulsion” does not equate complicity.
The victim here was 18 years of age at the time of the attacks. He had a ninth-grade education and was new to incarceration. The appellant, on the other hand, was 31 years of age, had numerous convictions, and had spent many years in jail becoming “con-wise.”
The Supreme Court of California in People v. Perez, 9 Cal.3d 651, 108 Cal.Rptr. 474, 510 P.2d 1026 (1973), observed that “when a young man has been subjected to acts of sexual perversion, his age and background, his sophistication, his maturity or immaturity, things of that sort are signifi *1145 cant in determining the degree of threat he felt.” 510 P.2d at 1031.
In Perryman v. State, 63 Ga.App. 819, 12 S.E.2d 388 (1940), the Georgia Court of Appeals addressed this issue, involving a 17-year-old sodomy victim. The Georgia court held: “We can conceive of situations where the act done might be against the will of the party and yet not done with force.... There is a decided difference in the law between mere submission or actual consent.”
We conclude that the victim here was not an accomplice. Corroborating testimony was unnecessary. The court did not err in submitting the case to the jury.
II
We note that there exist additional reasons of a technical nature that result in affirmance of appellant’s conviction. Appellant relies on § 12-21-222, Code of Alabama 1975:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of an offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
The appellant was convicted of sexual misconduct, which is a class A misdemeanor. Section 12-21-222 only applies to felony convictions. Brown v. State, 44 Ala.App. 135, 203 So.2d 700 (1967); Evans v. State, 42 Ala.App. 587, 172 So.2d 796 (1965); Judge v. State, 32 Ala.App. 256, 24 So.2d 568 (1946).
III
We further note that the issue of whether the victim was an accomplice was not preserved at trial.
“Whether there is an accomplice witness and whether he has or has not been corroborated must first be put to the trial judge....
“Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review....”
Ward v. State, 376 So.2d 1112, 1115 (Ala.Cr.App.), writ denied, 376 So.2d 1117 (Ala.1979).
“[Ijssues of whether a witness is an accomplice and whether that testimony has been corroborated must be presented to the trial judge or else those issues are waived.”
Crowder v. State, 448 So.2d 507, 508 (Ala.Cr.App.1984).
There was no objection at trial concerning whether the victim was an accomplice whose testimony required corroboration.
For the foregoing reasons, appellant’s conviction is affirmed.
AFFIRMED.
All the Judges concur.