Appellant was convicted of the offense of first degree sodomy, as defined in Code of Alabama (1975), § 13A-6-63, and sentenced to a ten year "split" sentence.[1] From said conviction and sentence, the present appeal was filed.
On September 21, 1984, a jury verdict was returned against the appellant finding him guilty of the offense of first-degree *Page 647 
sodomy. Sentencing and entry of judgment were deferred until October 12, 1984, on which date the present notice of appeal was filed. On October 31, 1984, defense counsel filed a motion for judgment of acquittal and motion for new trial alleging that the prosecuting witness, who was eight years old at the time of trial, was incompetent, and also alleging that the State had failed to prove the exact date that the alleged offense took place. The trial court denied both of said motions. On November 13, 1984, defense counsel filed another "Motion for New Trial" alleging, in addition to the previous grounds, that the trial court had erred when it failed to instruct the jury on certain lesser included offenses. Said motion was denied by the trial court on December 7, 1984.
According to the victim's mother, both the victim and the victim's family were acquainted with the appellant. They had attended church together and had gone swimming together. The sexual assault occurred during the summer of 1983 when the appellant was 19 years old and the victim was six years old. On the evening before the day the assault took place, the six year old victim spent the night with the appellant (who was unemployed at the time) and the appellant's wife. The next morning, the appellant's wife left to go to work. The appellant and the victim decided to go swimming at the victim's grandmother's house. After they had gone swimming, they returned to the appellant's trailer, where the victim and the appellant were alone. According to the victim, they went into the bedroom where, for the next ten or fifteen minutes the following took place:
 "He pulled down his pants. I pulled down my pants. And he put his tongue on my thing and I put my tongue on his thing and then he sucked on my thing and I sucked on his."
According to the victim, the appellant told him they were playing a game called "honey". The appellant also told the victim that he should not tell his mother what had happened.
The victim then returned home and told a friend but did not immediately tell his mother what had happened. Later, the friend told his parents, who then discussed the assault with the victim's mother. When the victim's father confronted the appellant and asked him about a game called "honey," the appellant "jumped back and started shaking. And when he started shaking, the first thing that come out of his mouth was, `I have not touched your kids. I have not touched your kids. I ain't touched [the victim] . . .'" According to the victim's father, the appellant moved his trailer out of the trailer court (which was owned by the victim's grandfather) after this confrontation took place.
At the close of the State's evidence, defense counsel made a motion for judgment of acquittal based on the fact that the victim's story "did not fit together at any point." After the court denied the defense motion, the appellant took the stand in his own behalf. Briefly stated, the appellant testified the victim was a friend of his and had spent the night with him on two occasions. According to the appellant, on the morning in question, he merely watched television with the victim at the trailer. After the defense rested, defense counsel renewed its motion for judgment of acquittal based on "insufficient evidence," and the trial court again denied said motion.
Before the jury was excused, the defense attorney submitted certain written jury charges to the trial court. After the court charged the jury,[2] defense counsel took "exception to the refusal of jury charge number 2 and number 4" since defense counsel stated that they were "proper statements of the law" and were not covered by the judge's instructions.[3] At one *Page 648 
point during the jury's deliberations, the jury asked, "Is there a lesser charge than sodomy in the first degree?" The court informed the jury that the answer was "no," and defense counsel took no exception. Subsequently, however, the court informed the jury that, if they had a "reasonable doubt" concerning the defendant's guilt of the charge of first-degree sodomy, that it was their "duty to return a verdict of acquittal, a verdict of not guilty." To this, defense counsel took exception and argued that "attempted sodomy in the first degree" would be a lesser-included offense. Defense counsel also, at this point, took exception to the court's failure to give the jury instructions on lesser-included offenses.
On appeal, the only issue raised by the appellant is whether the trial court erred when it refused to "grant defendant's request that the jury be instructed under a lesser-included offense." Although the record on appeal does not contain the refused requested charges, appellant now asserts that the trial court should have instructed the jury that they should consider whether appellant was guilty of (1) an attempt to commit sodomy or (2) the offense of sexual misconduct. At trial, however, the only request which the record reveals, concerns an oral request by the defense that the trial court instruct the jury on "attempted sodomy in the first degree." No further exceptions were taken, and, when the court initially informed the jury that there was no "lesser charge than sodomy in the first degree," defense took no exception. Thus, it would appear that the issue has not been properly preserved for review.
At a later point, however, as noted above, the trial court informed the jury that they should either acquit the defendant, find him not guilty, or return a verdict of guilty of first-degree sodomy. At this point, defense counsel excepted on the grounds that attempted sodomy in the first degree would be a lesser included offense. Again, without specifying the nature of the omitted instructions, defense counsel took exception to "the court not giving instructions on a lesser-included offense."
Even assuming that the issue has been properly presented for appellate review it is apparent that, under the evidence presented by the State, the appellant was either guilty of the offense as charged, or was guilty of no offense. For this reason, the appellant was not entitled to jury instructions concerning any lesser included offenses. Williams v. State,377 So.2d 634, 637 (Ala.Cr.App.), cert. denied, 377 So.2d 639 (Ala. 1979). Here, as in Williams, the accused denied that he had committed the crime. Since the appellant denied that "any act" between the parties occurred and since there was no "reasonable theory" presented at trial to support a lesser offense, the trial court had no obligation to charge on a lesser offense.Clark v. State, 451 So.2d 368, 373 (Ala.Cr.App. 1984); Perryv. State, 455 So.2d 999, 1002 (Ala.Cr.App. 1984). Under the facts of this case, it was in the "best interest" of the appellant to submit the case on the express charge, since he was either guilty of that offense or was due to be acquitted. The appellant was not entitled to an inconsistent charge of attempt or any other lesser included offense. Williams v.State, 57 Ala. App. 158, 162, 326 So.2d 686, 690 (1975), cert.denied, 295 Ala. 428, 326 So.2d 692 (1976). Additionally, the Court was not obligated to give instructions to the jury which would be abstract, confusing, or not helpful. Stevens v. State,333 So.2d 852, 854 (Ala.Cr.App. 1975), cert. denied,333 So.2d 855 (Ala. 1975).
For the reasons outlined above, the trial court's instructions were correct and the cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] On October 12, 1984, the Court entered a ten-year sentence against the appellant, with the provision that the appellant would serve one year in a "jail like facility" and, pending good behavior on the part of the appellant, five years of the sentence would then be suspended. At the expiration of said five years, the suspension would be made permanent. The appellant was also placed on formal probation.
[2] In its charge, the court instructed the jury on the crime of sodomy in the first degree; the definition of deviate sexual intercourse; and the definition of sexual intercourse.
[3] Although defense counsel at trial took exception to the trial judge's failure to instruct the jury on defense charges number 2 and 4, there is nothing on the record on appeal to indicate the nature of these charges. This court cannot, of course, speculate as to the content of these written charges. *Page 649