Mark Wayne Rugley was indicted for the offense of kidnapping in the first degree in violation of Code of Alabama 1975, §13A-6-43. The jury found Rugley guilty as charged in the indictment, and he was sentenced as a habitual offender to life imprisonment without the possibility of parole. Two issues are raised on appeal.
On January 13, 1990, at approximately 6:00 p.m., Sharon Hogan left the Winn-Dixie grocery store in Capital Plaza and walked toward her truck. As she was unlocking the driver's door of her truck, a black male approached her from behind, placed a knife to her throat, and pushed his way into her truck. According to Hogan, he forced her onto the floorboard of her truck, telling her, "Don't make me hurt you." Hogan was able to reach up and unlock the passenger door of the truck and roll out of the truck onto the parking lot pavement before the truck left the grocery store parking lot. Hogan identified Rugley from a photographic lineup conducted by the Montgomery Police Department as the black male who had kidnapped her.
 I
Rugley contends that the trial court committed reversible error in allowing the State to introduce, over Rugley's objection, evidence proving Rugley had kidnapped another person approximately four hours prior to the immediate offense. We disagree.
Jerry Wilkes testified that, on January 13, 1990, at approximately 2:00 p.m., she was unlocking the door to her automobile located in the parking lot of Montgomery Mall when a black male walked up from behind her and tried to force her into her *Page 257 
car, telling her he would kill her if she did not move over and let him into the car. According to Wilkes, she screamed and resisted and, after an approximately two-minute struggle, her attacker walked away through the parking lot and into a side door of Gayfers department store. Taunda Maxie, an eyewitness to Ms. Wilkes's attack, testified that she saw the same black male walk out of the entrance of Morrison's restaurant minutes later and that when he realized he had been spotted, he re-entered the mall. Ms. Wilkes and two other eyewitnesses to her attempted kidnapping — Taunda Maxie, and Andrea Petrosh — identified Rugley in photographic lineups conducted by the Montgomery Police Department as the black male who had accosted Jerry Wilkes.
"Evidence of collateral acts or offenses similar to the offense with which the accused is charged is admissible to prove his intent on the occasion in question." Howton v. State,391 So.2d 147, 149 (Ala.Cr.App. 1980).
In the instant case, the collateral crime evidence was introduced to show Rugley's intent to kidnap Sharon Hogan. To commit the crime of kidnapping in the first degree, one must abduct another person with intent to
"(1) Hold him for ransom or reward; or
"(2) Use him as a shield or hostage; or
 "(3) Accomplish or aid the commission of any felony or flight therefrom; or
 "(4) Inflict physical injury upon him, or to violate or abuse him sexually; or
"(5) Terrorize him or a third person; or
 "(6) Interfere with the performance of any governmental or political function."
Code of Alabama 1975, § 13A-6-43(a).
Because the dominating element of the offense of kidnapping in the first degree is intent, proof of a collateral crime in this case, which occurred only hours before the immediate offense in a nearby parking lot, was clearly relevant evidence offered to prove an issue that was material to the instant case. Hence, the evidence of the collateral crime was properly admitted.
 II
Rugley contends that the trial court erred by refusing to give his requested jury charge on the lesser included offense of attempted kidnapping.
"A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury."Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978).
It is apparent that under the evidence presented by the State, Rugley was either guilty of the offense charged or was guilty of no offense. Since Rugley denied that he kidnapped Hogan and since there was no "reasonable theory" presented at trial to support a lesser offense, the trial court had no obligation to charge on a lesser offense. See Kirksey v. State,475 So.2d 646, 648 (Ala.Cr.App. 1985).
The foregoing opinion was prepared by the Hon. JAMES H. FAULKNER, a former Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.