The appellant, Lee Andrew Armstead, was convicted of the murder of Raymond Williams and the attempted murder of Kenneth Wallace, violations of § 13A-6-2 and § 13A-4-2, Code of Alabama 1975. He was sentenced to life imprisonment without parole on each conviction, the sentences to be served consecutively.
The state's evidence tended to show that on May 31, 1993, the appellant was driving through the Dauphinwood Apartment complex in Mobile. Several witnesses testified that the appellant stopped his automobile and jumped out of the vehicle holding a pistol and that he then started shooting. After the appellant fatally wounded Raymond Williams and shot Kenneth Wallace, he jumped back into his car and drove away.
 I
The appellant first contends that the trial court erred when it refused to allow him to present evidence that the shooting resulted from an ongoing series of altercations. Specifically, he contends that this evidence was relevant to show misidentification by witnesses and witness bias.
The appellant attempted to show that the shooting was only one of several altercations between two groups of young men. When this evidence was first brought to the court's attention, the court disallowed any reference to prior altercations but allowed the appellant to make an offer of proof. The court stated that unless there was something to connect the prior altercations with the charged offense, he was going to exclude any testimony relating to them. The court's ruling was correct.
 "In Smith v. State, 393 So.2d 529, 531-32
(Ala.Cr.App. 1981), we stated, the following:
 " 'While antecedent circumstances tending to shed light on the criminal transaction or elucidate the facts connected therewith are admissible in evidence against the accused, Pope v. State, 365 So.2d 369 (Ala.Cr.App. 1978), "(a)ntecedent acts of third persons which apparently have no connection with the commission of the crime by the accused are not admissible, unless their connection and relevancy are made apparent by other facts introduced or offered to be introduced in evidence." 22A C.J.S. Criminal Law, Section 606 (1961).' "
 "As explained at 22A C.J.S. Criminal Law, § 602 (1961):
 " 'As a general rule, connection with accused must be shown to render evidence admissible against him.
 " 'The rule "res inter alios acta" forbids the introduction of collateral [acts] which by their nature are incapable of affording any reasonable presumption or inference as to the principal matter in dispute. Evidence as to acts, transactions, or occurrences to which accused is not a party, or as to other matters with which he is not shown to have any connection, being res inter alios acta, is inadmissible, unless it is so interwoven with other relevant evidence as to make *Page 190 
it impossible to try the case without admitting it.' (Footnotes omitted.)"
Nichols v. State, 505 So.2d 1300, 1302 (Ala.Cr.App. 1987).
The appellant also sought to introduce evidence of an incident allegedly involving the appellant and his son that had occurred earlier on the day of the shooting. This was not a part of the res gestae and was correctly excluded.
"[T]he acts, declarations and demeanor of an accused before or after the offense whether a part of the res gestae or not are admissible against him, but unless a part of the res gestaeare not admissible for him." Smoot v. State, 381 So.2d 668, 671
(Ala.Cr.App. 1980). (Emphasis added.) Under other circumstances, testimony of this type might well be relevant and admissible.
 II
The appellant next contends that he was denied his constitutional right to a public trial when the court excluded a spectator from the courtroom.
The record reflects that one of the jurors talked with a spectator, who was a friend of the appellant's wife. When this communication was brought to the court's attention, the court questioned the spectator. The spectator told the court that she and the juror were old friends but that she had not spoken with the juror about the case or her friendship with the appellant's wife. The trial court, out of an abundance of caution, on motion by the state excluded this spectator from the courtroom. The court stated:
 "I'm not telling the public they cannot come in the courtroom. I told a particular person who spoke to a juror in this particular case. I felt because she had spoken to a juror and the fact that there may be an occasion when the jury goes in and out she may be seen with the family members, I think it may cause some problems. So, I'm not saying — it's not to the general public; [but] to that one particular witness because I think — so the record will be clear, as I stated earlier to the jurors, the way this courthouse is set up, the jurors are going to have to pass in and out of the presence of other people throughout these proceedings."
As Judge Bowen stated in Weatherford v. State, 369 So.2d 863
(Ala.Cr.App.), writ denied, 369 So.2d 873 (Ala.), cert. denied,444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979):
 "The right to a public trial is guaranteed by Section 6 of the Alabama Constitution of 1901. The words 'public trial' mean 'trial as usually and generally conducted, where the courthouse is open to practically anyone who may wish to attend, and do not mean one where the public is so generally excluded as to confine the attendants to those engaged and interested in the trial and the relatives of the parties.' Wade v. State, 207 Ala. 1, 2, 92 So. 101 (1921).
 " ' "The constitutional right to a public trial is not a limitless imperative." Lacaze v. United States, 5 Cir., 1968, 391 F.2d 516, 521. The fact that some members of the public were barred from the courtroom does not necessarily mean that a denial of a public trial has occurred; the "decision must turn on the particular circumstances of the case, and not upon a question-begging because abstract and absolute right to a 'public trial'." Levine v. United States, 362 U.S. 610, 616-617, 80 S.Ct. 1038, 1043, 4 L.Ed.2d 989 (1960). See also 6 Wigmore on Evidence § 1835 at 338.' " Aaron v. Capps, 507 F.2d 685, 687 (5th Cir.), cert. denied, 423 U.S. 878, 96 S.Ct. 153, 46 L.Ed.2d 112 (1975).
 "The requirement of a public trial 'is not absolute in the sense that a defendant has the right to have any particular person present under all circumstances during the course of the trial.' United States ex rel. Laws v. Yeager, 448 F.2d 74, 80 (3rd Cir. 1970).
 "It is generally recognized that a judge has the inherent power to preserve order and decorum in the courtroom and that in the exercise of such power he may eject spectators without infringing an accused's right to a public trial. 48 A.L.R.2d 1436 at 1448. 'If the conduct of a spectator admitted to a criminal trial interferes with the administration of justice, he may be removed. Such removal does not constitute a denial of any right of the public or the accused to a public trial.' Williams v. State, 57 Ala. App. 158, 163, 326 So.2d 686 *Page 191 
(1975), cert. denied, 295 Ala. 428, 326 So.2d 692
(1976)."
369 So.2d at 868. " 'Every court has power to preserve and enforce order in its immediate presence; to prevent interruption, disturbance, or hindrance to its proceedings; and to control all person connected with a judicial proceedings before it.' " Houston v. State, 565 So.2d 277, 279
(Ala.Cr.App. 1990), quoting Clark v. State, 280 Ala. 493, 497,195 So.2d 786, 789 (Ala.), cert. denied, 387 U.S. 571,87 S.Ct. 2071, 18 L.Ed.2d 967 (1967).
This court will not reverse a trial court's ruling related to the conduct in its courtroom unless the trial court has abused its discretion. Townsell v. State, 255 Ala. 495, 52 So.2d 186
(1951). No abuse of discretion occurred here, and the appellant was not denied his right to a public trial by the court's exclusion of a spectator.
 III
The appellant next contends that the court erred in allowing a witness to invoke the Fifth Amendment outside the presence of the jury.
The record reflects that Greg Armstead was subpoenaed to testify at the appellant's trial. The court was notified before this witness's testimony that this witness intended to invoke his Fifth Amendment right against self-incrimination. At this time defense counsel stated, "[H]e's going to take the Fifth and I don't see any sense in doing that in front of the jury." The appellant now questions the witness's invocation of his right to remain silent outside the jury's presence. " 'Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby.' Phillips v. State, 527 So.2d 154, 156 (Ala. 1988)."Jones v. State, 631 So.2d 285, 288 (Ala.Cr.App. 1993). See alsoRowe v. State, 625 So.2d 1210 (Ala.Cr.App. 1993).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.